**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Martin N. WOLTERS,**
**Defendant-Appellant.**

**No. 80–1651.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 1981.

Decided Sept. 17, 1981.

Donald W. MacPherson, Grant & Mac-Pherson, Phoenix, Ariz., for defendant-appellant.

Donald L. Harris, Asst. U. S. Atty., Boise, Idaho, for plaintiff-appellee.

Before KILKENNY and SNEED, Circuit Judges, and QUACKENBUSH, District Judge.*

KILKENNY, Circuit Judge:

Appellant was indicted, tried by a jury, and convicted for failure to file an income tax return for the year 1973 in violation of 26 U.S.C. § 7203.

### STATEMENT

Appellant failed to file income tax returns for the years 1971 and 1972. He again failed to file an income tax return for

1973, the year in issue before us. He testified that he did not file because to do so would violate his constitutional rights, in particular his First and Fifth Amendment rights. Additionally, he said that on April 15, 1974, he did not know it was a crime not to file a federal income tax return.

The record shows that appellant contacted Lucille Moran, a person in Florida who claimed to be an attorney. He says she advised him that he was not required to file a return. He said he relied on her advice in not filing. In the *voir dire*, appellant's attorney requested the judge to ask potential jurors a question regarding the church to which they belonged. It was his claim that Mormons were compelled to uphold the tax laws and would, therefore, be prejudiced against him. The judge refused his request, although he said that he would ask the prospective jurors if they belonged to a church that had a particular position regarding payment of income taxes and what were their convictions on the subject.

### ISSUES PRESENTED

Simply stated, the issues before us are:

I. Is appellant entitled to claim a Fifth Amendment privilege not to file a tax return for the year in question?

II. Did the court abuse its discretion in requiring, as a condition of probation, that appellant file past and future tax returns?

III. Did the court commit error in refusing to ask prospective jurors whether or not they were members of the Mormon Church?

IV. Did the court commit error in its instructions to the jury?

### I.

### FIFTH AMENDMENT CLAIM

Generally, taxpayers cannot rely on the Fifth Amendment to justify a complete failure to file an income tax return. *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct.

---

* The Honorable Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation.

607, 71 L.Ed. 1037 (1927); *United States v. Neff*, 615 F.2d 1235, 1239 (CA9 1980), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117. *See also Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). Although peculiar circumstances may justify a taxpayer in relying on the Fifth Amendment in failing to file a return, *Garner, supra*, at 658, 96 S.Ct. at 1184, there is no such showing before us. All of appellant's arguments are answered in *United States v. Carlson*, 617 F.2d 518, 522 (CA9 1980), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468, and *Neff, supra*, at 1235–1239. This claim is meritless.

## II.

### FILING OF RETURNS

■ Here the appellant claims that the probation condition that he file all past and future tax returns violates his Fifth Amendment right. This contention is fundamentally unsound. Evaluating probation conditions which impinge upon constitutional freedoms is not relevant for the simple reason that these conditions do not impinge on the appellant's constitutional rights. *United States v. Pierce*, 561 F.2d 735, 741 (CA9 1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978), is closely in point. As said in *Pierce*, the Fifth Amendment does not justify a blanket refusal to file unless there is something peculiarly incriminating about the refusal itself. Clearly, the mere act of filing pursuant to a probation condition would not provide incriminating evidence. This contention is groundless.

## III.

### MORMON CHURCH CLAIM

■ Under this contention, the appellant raises the issue of disqualifying Mormons because they believe in enforcing the tax law, but does not argue the issue in his brief. *Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244 (1879), supports the government, rather than the appellant. It is there said: "unless [the challenger] shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside." *Reynolds* at 157. *See also, Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 1643, 6 L.Ed.2d 751 (1961).

Inasmuch as the appellant has not designated the transcript on the *voir dire* examination, we are unable to evaluate the court's examination of the prospective jurors. What does appear in the record would indicate that the examination of the court was adequate. Appellant having failed to supply the record on the nature of the examination is in no position to complain on appeal.

## IV.

### THE COURT'S INSTRUCTIONS

■ Our examination of the instructions as revealed by the record convinces us that the jury was clearly instructed. The instructions sufficiently defined the word "willfull" so as to exclude "reckless disregard." Instructions similar to those given here have been upheld in *Cooley v. United States*, 501 F.2d 1249, 1252–53 (CA9 1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975), and *United States v. Hawk*, 497 F.2d 365 (CA9 1974), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65.

During the course of the overall instructions, the judge told the jury that "the law presumes that the signature of a partner on a partnership tax return is an authorized signature on behalf of the partnership." Appellant argues that the use of the word "presumes" in the instruction unconstitutionally excuses the government from proving all of the elements of the crime beyond a reasonable doubt. Although constitutional problems do arise when a presumption is used in a criminal case to prove a fact which may be material to a finding of guilt, *see Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the use of

such a presumption in an instruction does not necessarily require a reversal. The instruction cannot be considered in isolation and when so viewed, as it must, in the context of the overall charge, in which the trial court gave explicit instructions emphasizing the presumption of innocence and the government's obligation to prove guilt beyond a reasonable doubt, the instruction could not so infect the trial so that the resulting conviction violated appellant's constitutional rights, nor did it shift the burden of proof to the appellee nor negate the presumption of innocence accorded to the appellant. The facts here are somewhat akin to those in *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), where the Court upheld the giving of an instruction that "every witness is *presumed* to speak the truth." [Emphasis supplied.]

■ Time and time again the Supreme Court has said that a single instruction to a jury is not to be judged in artificial isolation, but must be viewed in the context of the overall charge. *Cupp v. Naughten, supra,* at 146–147, 94 S.Ct. at 400. That is to say, the instructions must be taken as a whole in order to fully consider their fairness and propriety. *United States v. Grayson,* 597 F.2d 1225 (CA9 1979), *cert. denied sub nom. MacGregor v. United States,* 444 U.S. 873, 100 S.Ct. 153, 62 L.Ed.2d 99 and 444 U.S. 875, 100 S.Ct. 157, 62 L.Ed.2d 102 (1979).

■ Here, it seems clear that the district judge in at least four separate instructions told the jury that the government must prove every element beyond a reasonable doubt. Moreover, he instructed the jury that they were under a duty to consider the instructions as a whole. The specific instruction under attack by the appellant is specifically authorized under the provisions of 26 U.S.C. § 6063, which provides that the return of a partnership made under § 6031 shall be signed by one of the partners and that such signing *is prima facie evidence that such partner is authorized to sign the return on behalf of the partnership.*

The presumption created by legislation such as this is not confined to civil cases, *United States v. Cashio*, 420 F.2d 1132 (CA5 1969), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 420 (1970). *See also, United States v. Wainwright*, 413 F.2d 796 (CA10 1969). Although these cases construed 26 U.S.C. § 6064, the same type of a presumption was involved and, by analogy, the decisions in those cases are entitled to great weight in connection with the constitutionality of the presumption in the statute before us.

It is well settled that statutory presumptions in criminal cases do not violate the Fifth Amendment unless there is no "rational connection between the facts proved and the fact presumed." *Leary v. United States*, 395 U.S. 6, 33, 89 S.Ct. 1532, 1546, 23 L.Ed.2d 57 (1969); *Tot v. United States*, 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943); *United States v. Black*, 512 F.2d 864, 869 (CA9 1975). Manifestly, a criminal statutory presumption is not "irrational" or "arbitrary" and thus unconstitutional if the presumed fact is "more likely than not" to flow from the facts as shown by the record. *Leary, supra*, 395 U.S. at 36, 89 S.Ct. at 1548.

■ In any event, the instruction would be harmless under the provisions of Rule 52(a), F.R.Crim.P., for the reason that the evidence in the case shows beyond a reasonable doubt that a partnership existed, that the income was allocated in quarter shares and that the partners looked at themselves as equal shareholders. This evidence was entirely aside from the presumption mentioned in the instruction and demonstrated beyond doubt the partnership relationship.

### CONCLUSION

We conclude that the judgment of the district court must be affirmed.

IT IS SO ORDERED.