**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James R. HARRIS, Defendant-Appellant.**

**No. 83–5021.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1984.

Decided Feb. 23, 1984.

Paul H. Rochmes, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Donald W. MacPherson, MacPherson & McCarville, Phoenix, Ariz., for defendant-appellant.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

James Harris was convicted of three counts of willful failure to file tax returns. In *United States v. Harris*, 683 F.2d 322 (9th Cir.1982), we reversed and remanded. Harris appeals his conviction after the second trial.

Harris contends the more severe sentence imposed upon the second trial was in retaliation for his successful appeal of the first. The district judge, however, explained that Harris' more severe sentence resulted from failure to file required income tax returns following his first convic-tion. As the district court quite properly observed, after the first trial there could be no doubts in the defendant's mind of his continuing obligation to file tax returns. This satisfies the requirement of *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), that in order to uphold more severe resentencing (1) the district court's reasons for doing so must affirmatively appear on the record, and (2) the new sentence must be "based on objective information concerning identifiable conduct [by] the defendant occurring after the time of the original sentencing proceeding."

Appellant did not assert at his sentencing hearing that anything other than a frivolous claim of fifth amendment immunity excused the failure to file returns for post-conviction years. *United States v. Wolters,* 656 F.2d 523 (9th Cir.1981). Refusal to file further returns was properly considered by the trial judge in setting Harris' sentence.

The prosecution's comment on Harris' refusal to contact an IRS agent after the agent requested a meeting was not a reversible error. Harris attempts to characterize this as an impermissible comment on a defendant's silence. *See Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (prosecutor may not comment on defendant's silence after he has received *Miranda* explanation of the right to remain silent). Here Harris took the stand, the evidence was in the record, and extensive case law holds that prosecutors may argue inferences from silence in order to impeach testimony when the silence was not the result of *Miranda* warnings. *Fletcher v. Weir,* 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982); *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *United States v. Greene,* 698 F.2d 1364, 1373 (9th Cir.1983). Though the cases discussing admissibility of silence for the failure to explain incriminating circumstances have arisen where the defendant has taken the stand and is questioned about his or her previous silence, *see, e.g., Fletch-*

*er, supra; Jenkins, supra; Greene, supra,* there is no requirement that such evidence be introduced in this manner. Here the prosecution through its own witnesses established that the defendant failed to respond to IRS inquiries. That evidence was properly in the record, and it could be used to impeach the defendant's testimony.

■ Evidence of Harris' taxable income was relevant to the question of willful failure to file tax returns. *United States v. Hawk,* 497 F.2d 365, 369–70 (9th Cir.), *cert. denied,* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974).

■ Harris' argument that failure to file for three consecutive years can amount to but one offense under 26 U.S.C. § 7203 has no logical or precedential support. *United States v. Keig,* 334 F.2d 823, 827 (7th Cir. 1964).

AFFIRMED.