UNITED STATES of America, Plaintiff-Appellee,

v.

Edward J. CALLERY, Defendant-Appellant.

No. 84–1200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1985.

Decided Oct. 29, 1985.

Ruth L. Cohen, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Lawrence N. Bazrod, Phoenix, Ariz., for defendant-appellant.

Before ANDERSON, BEEZER, and BRUNETTI, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

## I. THE FACTS

Edward Callery appeals his conviction of two counts of failure to file income tax returns in violation of 26 U.S.C. § 7203. Callery claims that (1) there was insufficient evidence of willfulness, generally, to convict him of willful failure to file a tax return pursuant to 26 U.S.C. § 7203; and (2) his good faith misunderstanding of the law negates the element of willfulness necessary for a conviction under 26 U.S.C. § 7203; and (3) he validly exercised his Fifth Amendment privilege against self-incrimination, thereby barring his prosecution under 26 U.S.C. § 7203.

The facts, based upon a stipulation of trial evidence entered into between the government and Callery, are as follows:

From 1946 to 1960, Callery was married, and for each of those years he filed a joint return with his wife. The service center having jurisdiction over Callery has no records to indicate whether he filed or did not file any returns for the years from 1960 to 1965. From 1965 through and including 1978, the service center records showed no returns were filed by Callery for those years.

In 1976, Callery, as a real estate salesman, earned commissions totaling $30,579.00. In 1977, he earned commissions totaling $42,889.00. The Internal Revenue Service computed Callery's taxable income for 1976 as $29,837.00, and for 1977 as $28,872.00.

On August 2, 1979, Callery appeared with an attorney at a local office of the Internal Revenue Service. At that time he was questioned by Special Agent Fields.

Callery, in reference to numerous questions on his filing history, refused to answer based on the Fifth Amendment. Callery did reply that "I just financially wasn't able to pay [file]," when asked by Agent Fields why he did not file for the years 1975, 1976, 1977, and 1978. Also, Callery said "[t]wo of those years I made enough money, but I was far in the hole from previous years, I wasn't able to pay, so I didn't file."

Callery, if called to testify, would have stated that he believed that if he filed income tax returns, he would be alerting the IRS to his past conduct. He believed by revealing this to the IRS he would be criminally prosecuted. Therefore, he refused to file returns for 1976 and 1977 and asserted his Fifth Amendment right not to incriminate himself for past crimes. He believed that the Fifth Amendment shielded him from prosecution for failing to file tax returns.

The district court entered judgment against Callery finding him guilty on both counts. We affirm.

## II. ANALYSIS

### A. Sufficiency of Evidence of Willfulness

The first question we address is whether there was sufficient evidence of willfulness to uphold Callery's conviction for willful failure to file a tax return pursuant to 26 U.S.C. § 7203. The standard of review, where a defendant claims his conviction was based upon insufficient evidence, is that evidence is sufficient if, viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Terry*, 760 F.2d 939, 941 (9th Cir.1985).

 We have little difficulty concluding that the government proved beyond a reasonable doubt that Callery acted willful-

ly. Willfulness requires a showing of a specific wrongful intent to avoid a known legal duty. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). The stipulated evidence demonstrated that Callery had filed joint returns from 1946 to 1960, thus indicating an awareness of his legal obligation to file. *United States v. Buras*, 633 F.2d 1356, 1359 (9th Cir.1980). Failing to file returns for the two years in question was, therefore, an attempt by Callery to avoid a legal duty, of which he was aware. We find that Callery acted willfully.

### B. Good Faith Misunderstanding of the Law

 The next question we address is whether Callery's claimed good faith misunderstanding of the law negates the element of willfulness. A failure to file an income tax return does not violate 26 U.S.C. § 7203 if the failure resulted from a good faith misunderstanding of the law. *Buras*, 633 F.2d at 1359. Callery contends that he had two separate misunderstandings regarding the law: (1) That if a taxpayer does not have sufficient funds to pay his taxes, he is not required to file the tax returns, and (2) that the Fifth Amendment permitted him to stop filing his income tax returns. These misunderstandings of the law, however, must be in good faith.

 We will address Callery's first misunderstanding of the law—that if a taxpayer doesn't have sufficient funds to pay his taxes, he doesn't have to file a tax return.[1] As evidence of this misunderstanding, Callery points to his statements "I just financially *wasn't able* to [file]" and "[t]wo of those years I made enough money, but I was far in the hole from previous years, I wasn't able to pay, so I *didn't* file." (emphasis added). While these statements

---

**1.** The government contends that this issue is raised for the first time on appeal and therefore should not be reviewed by this court. While it is true that the district court did not address this issue directly, we nonetheless exercise our discretion and will review the issue. *In re Howell*, 731 F.2d 624, 627 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984).

may evidence insufficient funds to pay his taxes, they do not indicate a belief by Callery that insufficient funds relieve a taxpayer of his duty to file a tax return. In fact, these statements indicate that he failed to file because he couldn't *afford* to do so, not because he believed, however erroneously, that he didn't *have* to do so. Based on this plain reading of the stipulated evidence, the district court was entitled to find that there was no *good faith* misunderstanding of the law by Callery.

Callery's other misunderstanding of the law—that the Fifth Amendment permitted him to stop filing his tax returns [2]—is equally unpersuasive. The general rule is quite clear. The privilege against self-incrimination cannot excuse complete failure to file an income tax return. *United States v. Sullivan*, 274 U.S. 259, 263–64, 47 S.Ct. 607, 607–08, 71 L.Ed. 1037 (1927); *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *United States v. Wolters*, 656 F.2d 523, 524 (9th Cir.1981); *United States v. Neff*, 615 F.2d 1235, 1238 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). However, as Callery argues, even an invalidly asserted claim of the Fifth Amendment privilege may negate the element of willfulness necessary for a conviction under 26 U.S.C. § 7203, if asserted in good faith. The Supreme Court, in *Garner*, stated: "Because § 7203 proscribes 'willful' failures to make returns, a taxpayer is not at peril for every erroneous claim of privilege. The Government recognizes that a defendant could not properly be convicted for an erroneous claim of privilege asserted in *good faith.*" 424 U.S. at 663 n. 18, 96 S.Ct. at 1187 n. 18 (emphasis added). This court has held that "... a defendant's assertion of even an invalid Fifth Amendment claim in *'good faith'* would defeat the section 7203 requirement that a failure to file income tax returns be 'willful.' Someone who thinks he is com-

plying with the law cannot be said to be 'willfully' violating it." *United States v. Carlson*, 617 F.2d 518, 523 (9th Cir.), *cert. denied*, 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980) (emphasis added). Therefore, the question is whether Callery made this claim in good faith. The district court rejected the evidence of this good faith defense for two reasons. "First, the evidence also includes the dialogue between defendant [Callery] and Agent Fields on August 2, 1979. When asked directly why he didn't file for the years in question, he did not mention the privilege—to which he did refer elsewhere in the conversation—but simply said he didn't have the money. Second, a belief that a privilege protecting failure to file under these circumstances could not have been reasonable." (Excerpt of Record at 44–45).

The district court's determination as to good faith was a finding of fact that may not be set aside unless clearly erroneous. *United States v. McConney*, 728 F.2d 1195, 1203 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We cannot say that the district court's conclusion that Callery failed to assert the privilege in good faith was clearly erroneous.

### C. Valid Assertion of Fifth Amendment Privilege

The final issue we address is whether Callery validly exercised his Fifth Amendment privilege against self-incrimination, thereby barring his prosecution under 26 U.S.C. § 7203. As we stated above, the general rule is that this privilege cannot excuse complete failure to file a tax return. *Sullivan*, 274 U.S. at 263–64, 47 S.Ct. at 607–08. There is an exception to this rule. It involves the special "gambling tax" returns examined in *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and *Grosso v. United*

---

**2.** Callery's use of this defense is further evidence of the lack of a good faith misunderstanding of the law in his first defense. The two are mutually exclusive. If Callery, in good faith, believed that he didn't have to file a return if he

didn't have sufficient funds, then he couldn't, at the same time, have believed that Fifth Amendment protection against self-incrimination was necessary.

*States,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). The concept underlying those decisions was that disclosures made on those returns tended to incriminate because of the pervasive criminal regulation of gambling activities. Also, this court has held that the *Sullivan* rule is capable of modification by reason of "peculiar circumstances" relative to incrimination. *Wolters,* 656 F.2d at 525.

Obviously, this case has nothing to do with the gambler tax and we do not accept Callery's invitation to extend that exception to this case by analogy. Moreover, we do not find that this case involves any peculiar circumstances relative to incrimination. The requirement of filing an annual income tax return is primarily designed to facilitate revenue collection, not criminal prosecution, and, for such reason, failure to file any return at all has never been protected by a taxpayer's privilege against self-incrimination. *Carlson,* 617 F.2d at 523. Therefore, the *Sullivan* rule applies to this case and Callery may not use the Fifth Amendment privilege against self-incrimination to excuse his complete failure to file a tax return.

AFFIRMED.