46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. HITCHCOCK, Defendant-Appellant.
 No. 94-10178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Decided Jan. 6, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Hitchcock appeals his conviction of two counts of willful failure to file tax returns in violation of 26 U.S.C. Sec. 7203 on the ground that the evidence is insufficient to support his conviction. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231 and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Hitchcock was employed as a refrigeration mechanic for Safeway food stores during the tax years 1985 and 1986. At trial, the Government showed that Hitchcock received gross income from Safeway of $36,563.46 in 1985 and $40,078.00 in 1986. No federal income tax was withheld in 1985 and only $200.40 was withheld in 1986. Hitchcock also received taxable income from other sources and the Government's expert, Jerry Vernon, computed that Hitchcock owed $8,287 in tax for 1985 and $9,415 in tax for 1986. Hitchcock filed no tax returns for these years.
 
 
 4
 At trial, Hitchcock testified that although he had filed income tax returns in the past, he began to study the tax laws in the early 1980s and determined that he was not required to file returns with the Internal Revenue Service. He stated that one basis for this belief was that the IRS was in noncompliance with the Paperwork Reduction Act of 1980 ("PRA"). Hitchcock testified that the PRA requires that all requests by the Government for information from the public display a control number. If the request contains no control number or an incorrect control number, Hitchcock testified that he was entitled to ignore the request. Hitchcock then stated that the control number on the form 1040 was incorrect and, thus, he was not required to file a tax return.
 
 II
 
 5
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 6
 The crime of willfully failing to file income tax returns under 26 U.S.C. Sec. 7203 contains three elements that the Government must prove: (1) that the defendant was required to file a tax return; (2) that he or she did not file a return; and (3) that the failure to file was willful. United States v. Poschwatta, 829 F.2d 1477, 1480 (9th Cir.1987), cert. denied, 484 U.S. 1064 (1988).
 
 
 7
 Hitchcock does not dispute the sufficiency of the evidence of the first two elements, that he was required to file tax returns in the years 1985 and 1986 and that he failed to do so. He also concedes that the law is now clear that the IRS' noncompliance with the Paperwork Reduction Act does not exempt him from having to file returns. See United States v. Hicks, 947 F.2d 1356 (9th Cir.1991). Hitchcock only argues that the evidence is insufficient to prove that his failure to file was willful because the Government failed to introduce evidence to rebut his asserted good faith belief, held during the time in question, that the law did not require him to file returns.
 
 
 8
 In order to prove willfulness the Government must show that the failure to file was a voluntary and intentional violation of a known duty. Cheek v. United States, 498 U.S. 192, 201 (1990). To carry this burden, the Government must negate Hitchcock's claim "that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws." Id. at 202.
 
 
 9
 Hitchcock contends that Cheek holds that a defendant is presumed to act in good faith and that the factfinder must accept his asserted belief unless the Government offers specifically contradictory evidence, regardless of other evidence of willfulness.
 
 
 10
 Hitchcock's arguments are without merit. Cheek does not hold that a defendant's purported belief that he is not required to file tax returns is presumed to be held in good faith. Instead, the Court states, "[i]n the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable." Cheek, 498 U.S. at 202. See also United States v. Powell, 955 F.2d 1206, 1212 (9th Cir.1991) ("The jury is not precluded from considering the reasonableness of the interpretation of the law in weighing the credibility of the claim that the [defendants] subjectively believed that the law did not require that they file income tax returns.")
 
 
 11
 Thus, a factfinder need not accept a defendant's belief at face value and, instead, will judge the credibility of the testimony. See Cheek, 498 U.S. at 203 ("Knowledge and belief are characteristically questions for the factfinder."); United States v. Callery, 774 F.2d 1456, 1459 (9th Cir.1985) (holding that question of whether defendant believed that the law did not require him to file a return is a question of fact).
 
 III
 
 12
 After reviewing all the evidence in the record, we hold that a reasonable juror could conclude, beyond a reasonable doubt, that Hitchcock's failure to file his tax returns was willful. The Government introduced evidence that Hitchcock had filed tax returns in the past and had filed for extensions of time to file. This evidence demonstrates knowledge of a legal duty to file returns, and, thus, goes toward willfulness. See United States v. Poschwatta, 829 F.2d at 1481; United States v. Callery, 774 F.2d at 1458. The Government also introduced evidence that Hitchcock was contacted by the IRS, by both mail and telephone, and informed of his failure to file tax returns. Further, Hitchcock testified that, although he had a tax preparer prepare his returns for the years that he did file, he never sought the advice of a tax preparer, an accountant or an attorney about whether he was legally required to file tax returns.
 
 
 13
 Moreover, evidence in the record supports an ulterior motive for Hitchcock's failure to file his returns. Hitchcock testified that he disliked the thought that the IRS had information on him and was angry that the IRS had placed a jeopardy assessment on him for failing to reinvest the proceeds from the sale of his house in 1978.
 
 
 14
 Finally, the record also contains evidence which directly rebuts Hitchcock's belief. There is evidence from which the jury could conclude that Hitchcock failed to file returns prior to the enactment of the PRA. The Paperwork Reduction Act was enacted in December of 1980 and went into effect on April 1, 1981. 44 U.S.C. Sec. 3501 (1988). When asked on cross examination whether he had filed returns for the years 1979, 1980 and 1981, as the IRS had no record of these returns, Hitchcock stated that he could not remember. The Government also offered the testimony of an IRS agent and Hitchcock's former supervisor that Hitchcock told them that he did not have to file returns but never once mentioned that the IRS' noncompliance with the PRA was the reason why. Thus, a reasonable juror could have concluded that Hitchcock's asserted belief that the IRS' noncompliance with the PRA exempted him from filing tax returns was not held in good faith.
 
 
 15
 Based on all of the above evidence, a reasonable juror could find, beyond a reasonable doubt, that Hitchcock willfully failed to file tax returns.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3