**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD B. LESOON,

Defendant-Appellant.

No. 05-8017
(D.C. No. 03-CR-206-D)
(Wyoming)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Edward B. Lesoon appeals his conviction, following a jury trial, on four counts of tax evasion in violation of 26 U.S.C. § 7201. Mr. Lesoon also appeals his sentence, claiming the district court erred by refusing to award him acceptance of responsibility credit under U.S.S.G. § 3E1.1. We affirm both his conviction and his sentence.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Evidence was presented at trial indicating that from 1965 to 1990, Mr. Lesoon filed tax returns and paid all federal taxes as required by law. Mr. Lesoon testified that his employer for many years was an attorney who advised him to file annual tax returns and pay federal taxes.

In 1990, Mr. Lesoon got into a dispute with the Internal Revenue Service (IRS), after which he began researching the IRS and its authority. He consulted numerous books, treatises and court opinions, read extensively in the tax code and IRS manuals, and obtained the opinions of certain self-proclaimed tax experts. As a result of his research, Mr. Lesoon concluded, among other things, that the IRS was without authority to compel him to pay taxes and that, moreover, he was not a "person" liable for the payment of federal taxes under the tax code. Henceforth, Mr. Lesoon's relationship with the IRS became increasingly contentious, and ultimately resulted in the criminal charges filed against him in the instant case.

From 1991 to 1998, Mr. Lesoon contracted to provide janitorial services to the Million Dollar Cowboy Bar and Restaurant in Jackson, Wyoming. The Bar and Restaurant paid him every other week and reported those payments to the IRS. Mr. Lesoon did not file tax returns. Martin Sears, a special agent with the IRS, testified at trial that the IRS sent Mr. Lesoon numerous notices of deficiency. Rather then paying the amounts due, Mr. Lesoon filed petitions with the United States Tax Court, which subsequently determined that he was, in fact,

liable for payment. Mr. Sears read a portion of the tax court's 1994 opinion into the trial record in which the court stated that Mr. Lesoon's petition "contain[ed] tax-protestor-type arguments," and that "all of the arguments [he] espoused . . . have been uniformly rejected by this and other courts." Aplt. App., vol. III at 244. Mr. Sears also read into the record a portion of a 1997 opinion dismissing Mr. Lesoon's second petition, stating that the petition "contained nothing but frivolous arguments." *Id.* at 268. In addition to dismissing his second petition, the tax court ordered Mr. Lesoon to pay a $1,000 penalty for filing frivolous arguments.

In November 1994, the IRS sent Mr. Lesoon a final notice of deficiency and advised him that failure to pay would result in the IRS placing tax liens on his bank and investment accounts. Following receipt of the notice, Mr. Lesoon paid most, but not all, of his back taxes. The remaining amount due was obtained by the IRS in March 1995 through a tax lien placed on a retirement account. Shortly thereafter, Mr. Lesoon withdrew the remaining balance of more than $53,000 from the same account and filed an action in district court, which was later dismissed, claiming among other things that the lien on his account constituted an "illegal extraction." *Id.* at 263, 274-76. Mr. Lesoon also conveyed all of his real and personal property to his wife. *Id.*, vol. IV at 410-13; Aple. App., doc. 1.

In September 1997, the IRS notified Mr. Lesoon that it might commence a

criminal investigation regarding his continued failure to file tax returns. In March 1998, the IRS again informed Mr. Lesoon that his actions could subject him to various penalties. Aplt. App., vol. III at 277-80, 283-285. Mr. Lesoon responded in a letter, which Mr. Sears read into the record. Germane to this appeal is a portion of the letter which states: "I have no intention now or ever to file or pay the alleged income tax for years 1994/1995 since I am not at all liable to do so." *Id.* at 287. The letter also questioned the IRS's authority.

Mr. Sears' trial testimony further indicated that Mr. Lesoon appealed the dismissals of his two tax court petitions to this court. Both appeals were dismissed, and portions of the accompanying opinions were read into the record. This court characterized Mr. Lesoon's arguments as "standard tax protestor . . . refrains," *id.* at 289, that did not require refutation "with somber reasoning and copious citation of precedent. To do so might suggest that these arguments have some colorable merit." *Id.* at 290. Like the tax court, this court imposed monetary sanctions against Mr. Lesoon for filing frivolous arguments.

In November 1999, Mr. Sears notified Mr. Lesoon that the IRS had commenced a criminal investigation against him. Shortly thereafter, Mr. Lesoon filed tax returns for 1996, 1997 and 1998 indicating that he owed no taxes, despite his employers' reports of the wages paid to him for each of those years. He also filed an action against Mr. Sears and the IRS seeking $55 million in damages. The action was later dismissed.

In September 2003, Mr. Lesoon was charged by indictment with four counts of willfully evading payment of the federal income tax in violation of 26 U.S.C. § 7201. *Id.*, vol. I, doc. 1. In April 2004, a jury returned guilty verdicts on all four counts, and in February 2005, the district court sentenced Mr. Lesoon to twelve months incarceration, thirty-six months of supervised release and restitution totaling $43,660.86. On appeal, Mr. Lesoon claims he presented evidence sufficient to show that his failure to file tax returns was not a willful evasion of a known legal duty but was instead the result of a good faith belief that he was not required to file tax returns. We are not persuaded.

Mr. Lesoon was charged with violating 26 U.S.C. § 7201, which states in pertinent part that "[a]ny person who willfully attempts in any manner to evade or defeat any tax . . . or the payment thereof shall . . . be guilty of a felony. . . ." Being a "specific intent crime," the government was required to prove intent, in this case willfulness. *See Cheek v. United States*, 498 U.S. 192, 194 (1991). Accordingly, the government had "to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 201. When, as here, the defendant is claiming he in good faith believed he did not have a duty to file tax returns or pay federal taxes, the government must negate the "defendant's claim of ignorance of the law or [his] claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any provisions of the tax laws." *Id.* at

202.  Thus, the "failure to file an income tax return does not violate [the tax code] if the failure resulted from a good faith misunderstanding of the law. . . .  These misunderstandings of the law, however, must be in good faith."  *United States v. Callery*, 774 F.2d 1456, 1458 (9th Cir. 1985).

Mr. Lesoon contends that "the totality of the evidence in this case could not overcome his good faith defense."  Aplt. Br. at 9.  "The standard of review, where a defendant claims his conviction was based upon insufficient evidence, is that evidence is sufficient if, viewed in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Callery*, 774 F.2d at 1458.  To make this determination, we review the evidence *de novo*.  *United States v. Mounkes*, 204 F.3d 1024, 1027 (10th Cir. 2000).

The record is replete with evidence of both Mr. Lesoon's knowledge of his obligation to file tax returns and his stubborn refusal to comply with that obligation in the face of countless admonishments.  Some of the evidence directly demonstrated Mr. Lesoon's knowledge of his legal duties, such as the undisputed fact that upon the advice of a trusted employer and attorney, he filed tax returns and paid his taxes for more than twenty-five years.  Most of the evidence, however, is circumstantial.  Nevertheless,

> [t]he willfulness of one accused of tax crimes may be proved by circumstantial evidence.  As a practical matter, such evidence is likely to be the only type available to . . . rebut a good faith defense

other than the word of the defendant himself.  If the defendant's mere claim of good faith is not to be the end of the case, a trier of fact must evaluate the "basis" for that claim in order to determine whether the claim is genuine.

*United States v. Schiff*, 801 F.2d 108, 111 (2d Cir. 1986) (citations omitted).  For example, the fact that Mr. Lesoon was involved in a contentious dispute with the IRS in 1990 constitutes circumstantial evidence supporting the reasonable inference that his failure following the dispute to file tax returns was a result, not of a misunderstanding of the law, but rather a deep-seated grudge against the IRS.

Additional circumstantial evidence tending to show an absence of good faith is the undisputed fact that Mr. Lesoon sought only the discredited opinions of so-called tax experts who supported his own beliefs while he failed to seek out advice from neutral, mainstream professionals.  Aplt. App., vol. IV at 405.  Morever, when the IRS placed liens on his accounts, Mr. Lesoon responded by emptying those accounts and transferring all of his assets to his wife.  Such action suggests an intent to deliberately frustrate the IRS, and is inherently at odds with Mr. Lesoon's assertion of good faith.  Although Mr. Lesoon testified that he acted for proper reasons, the jury was clearly not persuaded.  Such a credibility determination "is the exclusive task of the fact trier. . . [I]t is for the jury to decide which witnesses to believe and which not."  *United States v. Youngpeter*, 986 F.2d 349, 352-53 (10th Cir. 1993).

Finally, the government presented evidence that on at least five occasions,

courts considered Mr. Lesoon's arguments as to why he should not have to file tax returns and forcefully rejected those arguments as groundless, improper and frivolous. Nonetheless, despite these repeated reprimands, Mr. Lesoon persisted in asserting he was not liable for the payment of taxes. In his brief, Mr. Lesoon concedes that he may be both "foolish" and "obstinate" in his persistence, but argues that foolishness and obstinance do not constitute criminal intent. Under the circumstances of this case, we disagree. Although "[i]t is well established that the good faith defense encompasses misunderstanding of the law," it does not encompass "disagreement with the law." *Schiff*, 801 F.2d at 112.

> The distinction [between misunderstanding and disagreement] is necessary to the functioning of the tax system. Without it, any taxpayer could evade tax obligations simply by stubbornly refusing to admit error despite the receipt of any number of authoritative statements of the law. At some point, such stubbornness becomes unreasonable; the line is crossed between misunderstanding and disagreement and the taxpayer can no longer successfully assert a defense of good faith.

*Id.* In the present case, the evidence can reasonably be interpreted as showing Mr. Lesoon crossed that line years ago. The jury's determination that he willfully evaded his tax obligations in violation of 26 U.S.C. § 7201 is clearly supported by sufficient evidence.

Mr. Lesoon also appeals his sentence, claiming the district court erred by refusing to award him credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Specifically, he asserts he demonstrated acceptance of responsibility by

admitting his "factual guilt" when he did not dispute that he failed to file tax returns.

"We review under a clearly-erroneous standard a district court's finding that a defendant is not entitled to an [acceptance of responsibility] adjustment. The district court's refusal to grant [a] downward adjustment is entitled to great deference on review." *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005) (internal citation and quotation marks omitted). "Under the Sentencing Guidelines the acceptance-of-responsibility adjustment is to be granted if the defendant clearly demonstrates acceptance of responsibility for his offense." *Id.* (citation and internal quotation marks omitted). Application Note 2 following U.S.S.G. § 3E1.1 states that the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. n.2. Only in "rare situations" may the adjustment be granted even though a defendant has gone to trial. *Id.* Such a situation may arise when a defendant does not dispute his factual guilt, but instead challenges, for instance, the constitutionality of a criminal statute. *Id.*

Although he may have dearly wished to, Mr. Lesoon did not and cannot challenge the constitutionality of the IRS or the federal tax statutes. Such arguments have been addressed by courts too numerous to mention, and have been rejected as unfounded and frivolous. *See Lonsdale v. United States*, 919 F.2d

1440, 1448 (10th Cir. 1990) (listing tax protestor arguments that have been repeatedly rejected by the courts). Instead, the entire focus of Mr. Lesoon's trial addressed his factual guilt, specifically, whether he knew of his duty to file tax returns. As already stated, the government had the burden of proving knowledge. *Cheek*, 498 U.S. at 201. Mr. Lesoon's good faith misunderstanding defense went directly to this essential element, and the government was required to present sufficient evidence to negate it. *Id.* at 202. Accordingly, the only material dispute in this case involved Mr. Lesoon's knowledge, an issue of factual guilt if ever there was one.

Finally, we note that Mr. Lesoon has never admitted guilt or expressed remorse for his actions, during sentencing or at any other time. It is hard to imagine, therefore, how the district court could have found he accepted responsibility for his crimes. Accordingly, we **AFFIRM** Mr. Lesoon's conviction as well as his sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge