UNITED STATES of America,
Plaintiff–Appellee,

v.

Byron F. PATTERSON,
Defendant–Appellant.

No. 79–5206.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1980.

John A. Thomas (Court Appointed), Dallas, Tex., for defendant–appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff–appellee.

Before JONES, GEE and REAVLEY, Circuit Judges.

PER CURIAM:

The appellant, Byron F. Patterson, was indicted for violation of the Federal Income Tax statutes. He had no confidence in or regard for members of the legal profession. At his arraignment he informed the court that he intended to represent himself. He was tried without counsel and a jury verdict of guilty was returned. After the trial and before sentencing Patterson was at liberty under a bond which restricted him to Midland and Ector counties in Texas. He informed the court that he wanted to go to Houston to seek "legal advice". There was no ruling on the motion. He was sentenced without counsel. The court imposed a sentence of imprisonment for one year on Count One and a like term on Count Two, with the sentences to run consecutively. A sentence of imprisonment of one year on Count Three was suspended. The court placed Patterson on probation for a period of five years with the following conditions:

"That the defendant shall divorce himself from organizations advocating willful

disobedience of any local, state or federal law and refrain from statements to others advocating disobeying the local state or national laws."

■ On appeal Patterson contends that error was committed when he was sentenced without representation by counsel and that the conditions of probation imposed in the sentence were in violation of his constitutional rights. The request of Patterson to seek legal advice in Houston cannot be regarded as a change from his position of self–representation. There is no indication that Patterson departed from his intention to represent himself at his trial.

■ The contention made as to the validity of the special conditions of probation has been answered by the recent decision of this Court in *United States v. Smith*, 5th Cir., 1980, 618 F.2d 280. There the same probation conditions were imposed as here. It was decided that the probation restrictions were overbroad. As it was there held so it is here determined that the sentence will be modified by striking therefrom the phrase "any local, state or federal law" and substituting therefor "the Internal Revenue Code." As so modified the judgment and sentence of the district court is

AFFIRMED.