UNITED STATES of America, Appellee,

v.

Irwin A. SCHIFF, Defendant–Appellant.

No. 836, Docket 88–1481.

United States Court of Appeals,
Second Circuit.

Argued March 16, 1989.

Decided May 17, 1989.

Irwin A. Schiff, Forest Hills, N.Y., pro se.

Peter S. Jongbloed, Asst. U.S. Atty., D. Conn., New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., New Haven, Conn., of counsel), for appellee.

Before MESKILL, MINER and MAHONEY, Circuit Judges.

MESKILL, Circuit Judge:

This is a *pro se* appeal by Irwin A. Schiff from a ruling on his Rule 35 motion to correct and reduce his sentence filed in the United States District Court for the District of Connecticut, Dorsey, *J.* Appellant Schiff's motion alleges, *inter alia,* that the conditions of probation imposed by the district court violate his constitutional right not to be a witness against himself and his constitutional rights of free speech and freedom of association. The district court denied Schiff's motion, finding that the conditions imposed were reasonably related to the goal of preventing Schiff from engaging in future acts similar to those for which he had been convicted and to the protection of the public.

We affirm the decision of the district court.

## BACKGROUND

We have previously set out the facts of this case in detail, *see United States v. Schiff,* 801 F.2d 108 (2d Cir.1986), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987), and we therefore mention them only briefly here. Schiff was convicted in 1985 of three counts of attempted tax evasion in violation of 26 U.S.C. § 7201 (1982) and one count of willful failure to file a corporate tax return in violation of 26 U.S.C. § 7203 (1982). As we noted in our prior opinion, in which we affirmed the convictions underlying the sentence challenged here, Schiff is a "pro-

fessional tax resister." *Schiff*, 801 F.2d at 109.

Following his conviction, the district court imposed a sentence on Schiff that was comprised of both incarceration and probation. Schiff's Rule 35 challenge is to three of the five special conditions attached to his probation. These conditions are:

(3) defendant shall remain current insofar as all legally required tax payments with reasonable and good faith compliance [sic] and shall file all returns required by tax laws; (4) defendant shall not associate or maintain any relationship with any group that advocates noncompliance with or violation of tax laws; (5) defendant shall not participate in or promote any meeting sponsored or promoted by groups or individuals formed or brought together, such as seminars, media events or any other forum for the purpose of promoting or advocating noncompliance with or violation of tax laws.

Schiff contends that the third special probation condition (*i.e.*, the first of these three conditions) forces him to testify against himself by filing tax returns, that the phrase "all legally required tax payments" is vague and that the court cannot order payment of a tax that has not yet been assessed by the Internal Revenue Service (IRS). As to the fourth and fifth special conditions, Schiff argues that they are vague and overbroad, that they violate the First Amendment and that they are unrelated to his convictions. Schiff also makes various arguments that address the legality of the convictions underlying his sentence.

The district court did not consider Schiff's argument that his convictions should be overturned, but it did consider, and reject, his other contentions in a thoughtful opinion. We agree with the reasoning of the district court.

## DISCUSSION

In 1981–1983, the time period during which Schiff committed the acts charged in the indictment, probation was authorized for defendants such as Schiff under the federal Probation Act, 18 U.S.C. § 3651

(1982). Under section 3651, the decisions whether a defendant would be granted probation and under what conditions probation would be granted were left to the discretion of the trial judge. Any conditions of probation, however, had to be " 'reasonably related to the simultaneous goals of rehabilitating the defendant and protecting the public.' " *United States v. Sterber*, 846 F.2d 842, 843 (2d Cir.1988) (quoting *United States v. Tolla*, 781 F.2d 29, 32–33 (2d Cir.1986)). If a condition was "unnecessarily harsh or excessive" in light of these goals, it was invalid. *Id.*

Under the rule applicable to offenses committed before November 1, 1987, a district court could "correct an illegal sentence at any time and ... correct a sentence imposed in an illegal manner within the time provided." Fed.R.Crim.P. 35(a). It also, within certain time limits, could reduce a sentence upon a motion or *sua sponte*. Fed.R.Crim.P. 35(b). Schiff cites both sections of Rule 35 in asking that the conditions of his probation be corrected.

We review the district court's decision not to alter the conditions of Schiff's probation for abuse of discretion. *See Sterber*, 846 F.2d at 843 (probation conditions within discretion of trial judge); *Tolla*, 781 F.2d at 32 (reviewing probation conditions following district court's denial of portion of Rule 35 motion); *Fiore v. United States*, 696 F.2d 205, 207 (2d Cir.1982).

It is well established that a motion under Rule 35 can only be used to correct an illegal sentence, and not to correct trial errors or errors in other pre-sentencing proceedings. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *United States v. Bonansinga*, 855 F.2d 476, 477–78 (7th Cir. 1988); *United States v. Smith*, 839 F.2d 175, 181–82 (3d Cir.1988); *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987); *United States v. Willis*, 804 F.2d 961, 964 (6th Cir.1986); *United States v. DeFillipo*, 590 F.2d 1228, 1233 n. 4 (2d Cir.), *cert. denied*, 442 U.S. 920, 99 S.Ct. 2844, 61 L.Ed.2d 288 (1979). The district court therefore properly did not consider the arguments Schiff raised below concerning

the validity of his conviction. The time for raising those points was on his direct appeal to this Court, *see Schiff*, 801 F.2d 108, or in a habeas corpus proceeding.[1] We therefore do not address these arguments here. Although the district court stated in its decision below that Rule 35 cannot be used to address the convictions underlying Schiff's sentence, Schiff has persisted in raising arguments on this appeal that go to the legitimacy of his convictions. Despite repeated prompting by the panel during oral argument, Schiff never adequately addressed the only question that we have jurisdiction to hear: the legality of the conditions of his probation. We now turn to that question.

We begin by noting that in setting conditions of probation the discretion given to the district court is broad and many conditions that may infringe on a person's constitutional rights have been approved. The permissible scope of such conditions is great. *See Frank v. United States*, 395 U.S. 147, 154, 89 S.Ct. 1503, 1508, 23 L.Ed. 2d 162 (1969) (Warren, *C.J.*, dissenting) (describing "the high degree of control that courts, together with their probation officers, can maintain over those brought before them"). With this in mind, we address in turn each of the challenged probation conditions.

A. *Special Condition Three: Filing All Required Tax Returns*

█ We have held before that someone convicted of failure to file income tax returns may, as a condition of probation, be required to file those delinquent returns. *See United States v. Kraeger*, 711 F.2d 6, 8 (2d Cir.1983) (per curiam). Similarly, we see no reason why requiring Schiff to make a good faith effort to keep current in his taxes is an abuse of discretion. He had been convicted of attempted evasion of income tax. We believe the condition in question to be entirely reasonable and appropriate.

█ Schiff's argument that the condition is vague amounts to a rehash of his basic

thesis: he does not have to pay taxes. He asserts that no income tax is "legally required." Rather, he claims to believe that income taxes are voluntary in the sense that one does not have to pay them unless one wants to. To the extent that income taxes are said to be "voluntary," however, they are only voluntary in that one files the returns and pays the taxes without the IRS first telling each individual the amount due and then forcing payment of that amount. The payment of income taxes is not optional, however, *see, e.g., Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988); *Newman v. Schiff*, 778 F.2d 460, 467 (8th Cir.1985), and the average citizen knows that the payment of income taxes is legally required. The third special probation condition, mandating that Schiff pay all "legally required" taxes, is neither overbroad nor vague.

█ Schiff also contends that he cannot be ordered to pay taxes when the IRS has not determined the amount of any tax liability on his part. In other words, Schiff wants the IRS to tell him how much he owes, and have the judicial system confirm that amount, before he commits to paying taxes. Schiff, however, misinterprets the law. If he earns sufficient income, he is required to file an income tax return and pay the taxes for which he is responsible. 26 U.S.C. §§ 6001, 6151 (1982); 26 U.S.C. § 6012 (1982 & Supp. IV 1986) (as amended by Technical and Miscellaneous Revenue Act of 1988, Pub.L.No. 100–647, § 1001(b)(2), 102 Stat. 3342, 3349); 26 C.F. R. § 1.6012–1 (1988). This condition of probation mandates no more than the law requires.

█ Finally, Schiff argues that the third special probation condition forces him to be a witness against himself, a constitutional right that he distinguishes from the right against self-incrimination. Not only is Schiff incorrect in his view of the Fifth Amendment's self-incrimination clause, but he should know from our earlier decision that

---

**1.** We note that Schiff has filed such a proceeding in the district court, pursuant to 28 U.S.C.

§ 2255 (1982), and that this proceeding is currently pending before Judge Dorsey.

the Fifth Amendment does not give a person the right to withhold ... required information on [an income tax] return concerning items the disclosure of which would not incriminate him or tend to incriminate him, and that even as to items which might incriminate him, he is required to state the *amount* of his income even if he does not reveal its illegal source.

*United States v. Schiff,* 612 F.2d 73, 77 (2d Cir.1979). Schiff does not explain why filing a tax return itself would incriminate him. His claim of a blanket right not to file a return is not sufficient to invoke the protection of the Fifth Amendment. *See United States v. Wolters,* 656 F.2d 523, 525 (9th Cir.1981). Therefore, the Fifth Amendment does not prohibit this condition of Schiff's probation.

For these reasons, we agree with the district court that this condition of probation is not illegal. Furthermore, it was not an abuse of the court's discretion to impose it. *See id.* at 524–25 (upholding probation condition requiring defendant to file tax returns); *United States v. Campbell,* 619 F.2d 765, 767 (8th Cir.1980) (same); *United States v. Stout,* 601 F.2d 325, 329 (7th Cir.) (same), *cert. denied,* 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979).

B. *Special Condition Four: Freedom of Association*

■ Schiff contends that the condition that he not associate with any group that advocates non-compliance with the tax laws is vague and overbroad. We find this condition to be no more vague than the third condition, *see supra.* Its meaning is discernible by the average person, and "no person 'of common intelligence'" who interpreted the words of the condition in accordance with their common meaning could fail to understand with whom Schiff should not be associating. *See United States v. Albanese,* 554 F.2d 543, 547 (2d Cir.1977).

■ Nor will we strike down this condition on First Amendment grounds. It is not an abuse of discretion for a district court to require that a person convicted of attempted tax evasion not associate with

people who encourage tax evasion. We have upheld probation conditions that restrict a person's liberty before, when, as here, those conditions bear a reasonable relation to the crime of which the defendant stands convicted. *See United States v. Gracia,* 755 F.2d 984, 991 (2d Cir.1985) (defendant convicted of refusing to testify before grand jury investigating terrorist group prohibited from associating with suspected terrorists and terrorist groups); *Albanese,* 554 F.2d at 546–47 (person convicted of conspiracy and hijacking a truck in interstate commerce could associate only with "law-abiding persons"). Such conditions are not illegal or inappropriate, even if they force a probationer "to choose his acquaintances at his peril." *Frank,* 395 U.S. at 154, 89 S.Ct. at 1508 (Warren, *C.J.,* dissenting).

Nor is the condition imposed on Schiff here inconsistent with other circuits' interpretation of the law. Other courts have upheld restrictions on a person's freedom of association as a condition of probation. *See United States v. Lawson,* 670 F.2d 923, 929–30 (10th Cir.1982) (approving condition of probation requiring person convicted of failing to file income tax return not to associate with organizations advocating violation of tax laws); *United States v. Patterson,* 627 F.2d 760, 760–61 (5th Cir.1980) (approving condition of probation requiring person convicted of violation of federal tax statutes "to divorce himself from organizations advocating willful disobedience of" the Internal Revenue Code) (per curiam), *cert. denied,* 450 U.S. 925, 101 S.Ct. 1378, 67 L.Ed.2d 354 (1981); *United States v. Smith,* 618 F.2d 280, 282 (5th Cir.) (same), *cert. denied,* 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980).

Finally, Schiff argues that the condition imposed does not bear a reasonable relation to his crime. We reject this contention as well. We agree with the district court that requiring Schiff to refrain from associating with groups that advocate non-compliance with the tax laws bears a reasonable relation to Schiff's crime: attempted tax evasion. For all of these reasons, we hold that the district court did not abuse its discre-

tion in imposing this condition on Schiff's probation.

### C. Special Condition Five: Non–Participation in Groups Advocating Non–Compliance With Tax Laws

Schiff makes the same objections to the fifth special condition of probation that he made to the fourth. We disagree for the same reasons set forth above.

Similarly, we reject the notion that prohibiting Schiff from advocating non-compliance with the tax laws is both an impermissible violation of his freedom of association and unrelated to Schiff's crime. Instead, we recognize, as did the district court, that, as a condition of probation, it is entirely reasonable to prohibit a person convicted of attempted tax evasion from participating in meetings designed to advocate just such unlawful activity. As the Tenth Circuit has said, "the defendant cannot be allowed to continue all of his old ways while on release from custody on probation; to allow him to do so undermines the probation system itself and makes a mockery of the law." *Porth v. Templar*, 453 F.2d 330, 334 (10th Cir.1971) (approving, in part, condition of probation designed to "prohibit extensive campaigning on the part of the defendant against the laws in question"). Although Schiff was not convicted of advocating non-compliance with the tax laws, he was convicted of non-compliance with them. To allow him to continue to advocate, through seminars and other meetings, that others do what he is being punished for, runs counter to the goal of rehabilitation and endangers the public.

The fifth special condition of probation is not unconstitutional, is reasonably related to the crimes of which Schiff was convicted, and it was not an abuse of discretion for the district court to impose it.

### CONCLUSION

We have considered all of Schiff's contentions and find them to be without merit. For the foregoing reasons, we affirm the decision of the district court. The mandate shall issue forthwith.