**UNITED STATES of America**

v.

**Gene GOTTI and John Carneglia, Defendants.**

No. 83 CR 412(S) (JRB).

United States District Court, E.D. New York.

June 1, 1992.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Robert P. La-Russo, Asst. U.S. Atty., of counsel; Edward J. Mandery, Paralegal Specialist), for U.S.

Fischetti & Russo, New York City (Ronald P. Fischetti, of counsel), for defendant Gene Gotti.

Law Offices of Benjamin Brafman, P.C., New York City (Benjamin Brafman, of counsel), for defendant John Carneglia.

## MEMORANDUM—DECISION AND ORDER

BARTELS, District Judge.

Defendants Gene Gotti and John Carneglia move pursuant to Fed.R.Crim.P. 35(b) for reduction of sentences imposed by this Court on July 7, 1989.[1] The following statement of facts appearing in the Government's brief is adopted by the Court:

"On May 23, 1989, following a six-week jury trial, the defendants Gene Gotti and John Carneglia were convicted of racketeering conspiracy (18 U.S.C. § 1962(d)), narcotics conspiracy (21 U.S.C. § 846), and possession of heroin with intent to distribute (21 U.S.C. § 841(a)(1)). Carneglia was also convicted of traveling in interstate commerce to promote and facilitate the conduct of a narcotics business enterprise (18 U.S.C. § 1952). After a post-trial evidentiary hearing [to determine whether they should be remanded without bail prior to sentencing, with the understanding that the information adduced would be used as part of the Government's *Fatico* presentation at sentencing], wherein the Government established the defendants' membership in the Gambino organized crime family and their continued participation in narcotics trafficking and other criminal activities, the Court on July 7, 1989, sentenced both Gotti and Carneglia to consecutive prison terms of 20 years on the racketeering conspiracy charge, 15 years on the narcotics conspiracy charge, and 15 years on the substantive possession count, for a total of 50 years imprisonment. Carneglia was given a five year concurrent term on the Travel Act violation. In addition, both defendants were ordered to pay $75,000 in fines."

The defendants unsuccessfully appealed to the United States Court of Appeals for the Second Circuit after sentencing. *U.S. v. Ruggiero*, 928 F.2d 1289 (2d Cir.1991), *cert. den. Gotti v. U.S.*, —— U.S. ——, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991). Since their petition for a writ of *certiorari* to the United States Supreme Court was denied on November 4, 1991, the defendants' motions for relief under Rule 35(b) were filed in a timely manner. Having made an exception to the Court's Rules, Procedures and Forms, the Court entertained oral argument on these motions.

## I

The version of Rule 35(b) for offenses committed prior to November 1, 1987 states, in pertinent part:

---

**1.** The defendants motions are to reduce, not correct, their sentences. They do not argue that their sentences were either illegal or imposed in an illegal manner. Thus, only Fed.R.Crim.P. 35(b) applies here. *U.S. v. Mescaine-Perez,* 849 F.2d 53, 58 (2d Cir.1988); *U.S. v. Smith,* 839 F.2d 175, 182 n. 9 (3d Cir.1988).

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after the entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

"Although the language of Rule 35(b) does not specify the grounds for reduction of sentence, its provisions have been uniformly construed to be limited to consideration of the validity of a sentence itself. Courts have refused to consider claims under the rule that involve the merits of the defendant's conviction." *U.S. v. Smith*, 839 F.2d at 181–82; *U.S. v. Schiff*, 876 F.2d 272, 274–75 (2d Cir.1989).

■ Upon their motions, defendants ask the Court to review the sufficiency of the evidence of the trial and, in particular, the testimony of the Government's expert witness, F.B.I. Special Agent Gerald Franciosa. As *Smith* and *Schiff* indicate, the function of Rule 35(b) is very narrow. These issues have been decided by the jury's verdict and cannot be reviewed by the Court on a Rule 35(b) motion, particularly after the case has been affirmed by the Second Circuit and *certiorari* denied by the Supreme Court. The Court cannot and will not re-examine the evidence.

■ The defendants further ask the Court to review the sufficiency of its sentencing determinations and, in particular, its reliance on certain confidential Government sources and on evidence concerning the quantity of heroin involved in commission of the offenses. These arguments were unsuccessfully raised at the time of sentencing and on appeal to the Second Circuit. *U.S. v. Ruggiero*, 928 F.2d at 1305–06. The Court cannot and will not, under the parameters of Rule 35(b), re-examine its sentencing determinations.

■ The defendants further claim that their sentences were excessive and extraor-

dinarily severe, but do not claim that they violate the Eighth Amendment prohibition against cruel and unusual punishment. Unless a defendant's sentence is so disproportionately excessive as to violate the Eighth Amendment, the mere disparity between a sentence a defendant received and the sentence imposed upon others provides no justification for vacating his conviction. *U.S. v. Rios*, 893 F.2d 479, 481 (2d Cir. 1990); *U.S. v. Jaramillo–Montoya*, 834 F.2d 276, 279–80 (2d Cir.1987), *cert. den.* 486 U.S. 1023, 108 S.Ct. 1998, 100 L.Ed.2d 229 (1988).

■ The defendants also assert that since the racketeering conspiracy, narcotics conspiracy and possession of heroin with intent to distribute charges involved the "same conduct," the imposition of consecutive sentences punished the same conduct three times. This argument is based on a flawed premise because, as any reading of the relevant statutes reveals, these three counts involve different criminal acts and conduct. The defendants also state that the sentences were greater than those discussed at plea negotiations with the Government. The disparity, if any, between any sentences contemplated during plea negotiations and the sentences actually imposed after a jury's verdict is irrelevant to a Rule 35(b) motion and provides no basis for reducing them.

II

■ Finally, the defendants make a plea for leniency. Such a plea is permissible under Rule 35(b). *U.S. v. Mescaine–Perez*, 849 F.2d at 58; *U.S. v. Sambino*, 799 F.2d 16, 17 (2d Cir.1985). In doing so, the defendants ignore their eligibility for parole by the U.S. Parole Commission ("Commission") because the offenses they committed occurred prior to November 1, 1987 and resulted in prison terms exceeding one year. 18 U.S.C. § 4205 (1982), repealed effective after November 1, 1987, by Pub.L. No. 98–473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 1976, 2027 as amended. "[T]hat ... [courts] ... are entitled to take parole expectations into account appears

undeniable...." and so here, the Court does so. *U.S. v. Ortiz*, 742 F.2d 712, 715 (2d Cir.1984), *cert. den.* 469 U.S. 1075, 105 S.Ct. 573, 83 L.Ed.2d 513 (1984).

■ Both defendants will be eligible for parole in June, 1999, at which time the Commission will consider their cases in light of Commission guidelines which are codified at 28 C.F.R. § 2.20 (1988). Furthermore, if either of the defendants complies with the rules and regulations of the Bureau of Prisons, works in an industry or prison camp, or performs exceptionally meritorious services, he will likely receive statutory reductions in his sentence. 18 U.S.C. §§ 4161–65 (1982), repealed effective after November 1, 1987, by Pub.L. No. 98–473, Title II, § 218(a)(4), Oct. 12, 1984, 98 Stat. 1976, 2027 as amended. Experience with the above-mentioned parole statutes and Commission guidelines suggests that defendants who have received sentences of 50 years are very likely to be released many years before that time.[2]

In contrast, if the United States Sentencing Guidelines ("U.S.S.G.") had applied in sentencing these defendants, they would have likely received 360 months to life *or* life depending upon certain evidence relating to the roles they played. There would be no parole available to reduce such a U.S.S.G. sentence. The contrast between sentencing under the parole and the U.S.S.G. regimes demonstrates that the sentences imposed on these defendants are comparatively less severe. There is no justification under the circumstances to reduce the sentences imposed.

The Court has carefully considered the merits of the defendants' motions, and for the reasons stated above, they are hereby DENIED.

SO ORDERED.

---

**2.** The Court wishes to emphasize that it intends through this memorandum-decision and order to set forth absolutely no position whatsoever about any future action the Commission might take concerning the defendants.