USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1119 UNITED STATES, Appellee, v. ROBERT L. HUGUENIN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Robert L. Huguenin on brief pro se. __________________ Edwin J. Gale, United States Attorney General, Loretta C. ________________ ___________ Argrett, Assistant United States Attorney, Robert E. Lindsay, Alan _______ __________________ ____ Hechtkopf and Karen Quesnel, Attorneys, Tax Division, Department of _________ ______________ Justice, on brief for appellee. ____________________ July 22, 1994 ____________________ Per Curiam. Defendant-appellant Robert L. Huguenin __________ appeals pro se from a district court order revoking his probation and sentencing him to an additional period of incarceration. For the reasons stated below, we affirm. BACKGROUND On November 28, 1989, a grand jury returned a three count indictment charging Huguenin with attempting to evade his income tax obligations for 1984, 1985 and 1986. See 26 ___ U.S.C. 7201. Huguenin was convicted of all three counts on June 15, 1990. The district court sentenced Huguenin, on Count I, to forty-two months' imprisonment and fined him $5,931.18. On Count II, the imposition of the sentence was suspended, and the defendant was placed on supervised probation upon release from confinement for three years with the condition that defendant is to file all past, present, and future income tax returns for those years where he had income & pay tax that is due. Defendant to provide copies of tax returns to probation counselor. On Count III, the imposition of the sentence was suspended and the defendant was placed on unsupervised probation to be served consecutively to the three years of supervised probation previously imposed on Count II. We affirmed Huguenin's conviction in an unpublished opinion. United ______ States v. Robert L. Huguenin, No. 90-1795, 1991 U.S. App. ______ ___________________ LEXIS 32842 (1st Cir. Dec. 4, 1991) (per curiam). -2- Appellant's supervised probation began on August 10, 1993. On September 7, 1993, his probation officer filed a petition with the district court charging him with a failure to "file income tax returns due for all years." At a revocation hearing held before a magistrate judge ("magistrate"), Huguenin admitted that he receives a pension from the United States Navy and did not dispute that the amount of this pension is approximately $10,000 per year. He also conceded that he had not filed income tax returns as ordered by the district court but raised as a defense, inter _____ alia, that the income tax laws do not apply to him. On ____ November 30, 1993, the magistrate issued a report and recommendation finding that Huguenin had violated his probation by failing to file written tax returns for the years 1984, 1985 and 1986. Following a hearing on objections filed to the magistrate's report, the district court adopted the magistrate's findings and further found that Huguenin had violated his probation by failing to file tax returns for the years 1987 through 1992. The district court sentenced Huguenin on Count II of the indictment to a period of five years' imprisonment, but suspended all but six months of the sentence, with the balance of four and a half years to be spent on probation "upon the same conditions previously -3- imposed on Count Two." In addition, the district court imposed a suspended fine of $4,000. This appeal followed. -4- DISCUSSION Huguenin alleges violations of his right to due process, under the Fifth Amendment, and his right to be informed of the nature and cause of accusations against him, under the Sixth Amendment. In particular, he contends that he was never informed what type of tax he was being held liable for, how much tax he owed, or which tax form he was supposed to file. Huguenin also argues that the prosecutor failed to prove that there was in fact any tax "due and owing." Finally, Huguenin contends that the government never proved the law which required him to file a tax return, and that he was denied the right to question a witness concerning this law. We note, as an initial matter, that the district court acted appropriately in imposing, as a condition of probation, that Huguenin file delinquent and future tax returns, as well as pay any tax due. See, e.g., United ___ ____ ______ States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989). ______ ______ Moreover, this condition of probation mandates no more than the law requires. Id. If appellant earns sufficient income, ___ he is required to file an income tax return and pay the taxes for which he is responsible. Id.; see also 26 U.S.C. 1, ___ ________ 6011, 6012, 6151; Treas. Reg. 1.6012-1. -5- Huguenin's complaint that he was never informed what type of tax he was being held liable for is frivolous. A probationer does have a right, under the Due Process Clause, to fair warning of conduct that may result in revocation. See, e.g., United States v. Gallo, 20 F.3d 7, 11 ___ ____ _____________ _____ (1st Cir. 1994). However, Huguenin cannot complain that he failed to receive fair warning where the district court imposed as a formal probation condition that he file delinquent and future "income tax returns," as well as pay tax due. See United States v. Simmons, 812 F.2d 561, 565 ___ _____________ _______ (9th Cir. 1987) ("Generally, formal conditions of probation provide notice of proscribed activities."). Moreover, the Internal Revenue Code and the regulations promulgated under it provided Huguenin with ample notice of his tax liability. Appellant's complaint that he was never informed what form he was required to file is equally meritless. Conditions of probation do not have to spell out every last detail. See Gallo, 20 F.3d at 12. The regulations ___ _____ promulgated under the Internal Revenue Code provided Huguenin with notice that either Form 1040 or Form 1040A was the appropriate form to use in making an income tax return. See ___ Treas. Reg. 1.6012-1(a)(6).1 We need not linger long on ____________________ 1. Huguenin also suggests that after he was charged with violating a condition of probation by failing to file income tax returns, the prosecutor was required to provide him with -6- appellant's contention that he was never informed how much tax he owed and that the government failed to prove any tax "due and owing." The basis of his probation revocation was not his failure to pay tax due, but rather, the failure to file his tax returns. Finally, we reject appellant's argument that he was denied due process because (a) the prosecutor failed to prove the law which required him to file income tax returns; and (b) he was deprived of the opportunity to examine a witness concerning the relevant law. Appellant was charged with violating a probation condition set by the district court. To the extent that federal statutes and regulations were relevant in determining whether a violation occurred, these were subject to judicial notice by the district court. See ___ 10 James W. Moore & Helen I. Bendix, Moore's Federal Practice ________________________ 201.02[1] (2d ed. 1994). Moreover, the record makes clear that appellant was not prevented from presenting favorable witnesses. See United States v. Morin, 889 F.2d 328, 332 ___ ______________ _____ (1st Cir. 1989) (probationer entitled to present favorable witnesses at revocation hearing). Indeed, he testified on his own behalf and did not seek to present any other ____________________ citations to the Treasury regulations which (independently) mandate that he file these returns and which specify the appropriate form to file. We have unearthed no authority to support this requirement, and appellant cites to none. We observe that appellant had the benefit of appointed stand-by counsel, who was in a position to provide him with this sort of legal assistance. -7- witnesses. Where, as here, the government relied on appellant's concessions and did not put on any witnesses, appellant cannot complain that he was deprived of the opportunity for cross-examination. Affirmed. _________ -8-