43 F.3d 1474
 75 A.F.T.R.2d 95-532
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond GARLAND, Defendant-Appellant.
 No. 93-3772.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 16, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Raymond Garland appeals the district court's grant of summary judgment in favor of the Government for tax assessments amounting to $141,027.84 plus interest and the ensuing order of foreclosure and sale of his home, in which he held a one-half interest. Garland argues that paying taxes is entirely voluntary and that these tax assessments violate his constitutional rights of freedom of religion, due process and right to jury trial. We affirm.
 
 
 2
 First, Garland claims that paying taxes is completely voluntary. He contends that " '[t]he filing of a return is what establishes the tax assessment.' " (Reply Br. at 7 (quoting Letter from Mr. J. Roseworth, Tax Examiner, Internal Revenue Service, to Raymond Garland (Mar. 26, 1984)).)[1] Using a contractual analysis, he concludes that since he never promised to pay taxes by submitting a Form 1040 or otherwise, the Government "lack[s] the authority to assess Raymond L. Garland for a 1040 Tax." Id. However, "the payment of income taxes is not optional...." United States v. Schiff, 876 F.2d 272, 275 (2d Cir.1989). Taxpayers are not " 'volunteers' when they file their tax returns." Garner v. United States, 424 U.S. 648, 652 (1976) (holding that submission of tax forms raises Fifth Amendment issues). Contrary to Garland's assertions, "fail[ing] to file a return will not insulate him from a determination by the commissioner that a tax is due and owing and a civil proceeding based thereon." Hartman v. Comm'r of Internal Revenue, 65 T.C. 542, 546 (1975); see Laing v. United States, 423 U.S. 161, 174 (1976).
 
 
 3
 Second, Garland claims that forcing him to pay taxes unconstitutionally violates his free exercise of religion. Although we do not challenge his sincerity, "religious belief in conflict with the payment of taxes affords no basis for resisting the tax." United States v. Lee, 455 U.S. 252, 260 (1982) (holding that social security tax violating Amish religious beliefs does not unconstitutionally burden their Free Exercise Clause rights). Assuming that Garland's cryptic arguments also represent an attempt to invoke the Establishment Clause, the Clause's "undisputed core values are not even remotely called into question by [a] generally applicable tax...." Jimmy Swaggart Ministries v. Board of Equalization of California, 493 U.S. 378, 394-95 (1989) (rejecting Establishment Clause claim against sales and use taxes on sale of religious materials); see Hernandez v. Comm'r of Internal Revenue, 490 U.S. 680, 695-97 (1989) (upholding income tax deduction that inadvertently benefits some religions and not others).
 
 
 4
 Third, we reject Garland's facial assault on the entire tax code for unconstitutional vagueness. He stresses that many people find the code vague and confusing. However, given that nonpayment of income tax for religious reasons is not "constitutionally protected conduct," he must show vagueness as the code applied to his own case; he "cannot complain of the vagueness of the law as applied to the conduct of others." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982). Garland fails to specify which particular sections, if any, are vague. Generally asserting the size and complexity of Title 26 does not relieve him of his duty to pay taxes.[2] Swallow v. United States, 325 F.2d 97, 97-98 (10th Cir.1963) (finding no reason to find the code unconstitutional merely because it is complex and often difficult to understand), cert. denied, 377 U.S. 951 (1964); see Lonsdale v. United States, 919 F.2d 1440, 1447 (10th Cir.1990) (noting that tax laws "are probably the best publicized and indexed area of federal law").
 
 
 5
 Finally, Garland erroneously argues that his prior acquittal of criminal charges by a jury must govern the district court's decision in this civil suit. Due to differing evidentiary standards, an acquittal on criminal charges does not bar a subsequent civil decision in the Government's favor. Helvering v. Mitchell, 303 U.S. 391, 397 (1938). Furthermore, his request for jury trial on appeal as relief is meritless, both because he waived this right by failing to request a jury trial below, Fed.R.Civ.P. 38(b), (d), and because none of his arguments entitle him to relief from the judgment.[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The tax examiner stated that he could not provide Garland with a record of his 1981 assessment. However, Garland does not dispute whether the Government had in fact attempted to make a 1981 assessment. Instead, he cites the letter as proof that any such attempted assessments would be invalid as a matter of law until he filed a return
 The lower court found that Garland had not introduced sufficient evidence to show that a genuine issue of fact remained as to whether taxes were assessed. (R. at 41.) The record supports this finding. (R. at 12 (Garland admits repeatedly receiving Form 5564); R. at 26 (Garland quotes 1983 seizure notice listing assessments); R. at 29 (Affidavit of Marta Riordan).) Tax assessments by the Government are presumed to be correct, unless they are shown to be incorrect, arbitrary or excessive. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Avco Delta Corp. Canada Ltd. v. United States, 540 F.2d 258, 262 (7th Cir.1976), cert. denied, 429 U.S. 1040 (1977). Although on appeal Garland disparages the Government's ability to properly calculate any monetary amount, he does not allege any specific errors in the Government's calculation. "A general denial of liability is insufficient to meet the taxpayer's burden." Avco Delta Corp., 540 F.2d at 262.
 
 
 [2]
 In his reply brief, Garland adds new arguments concerning 26 U.S.C. Sec. 7806(b) and the table of contents to the United States Code. These arguments are waived by omission from his opening brief. Real Estate Data, Inc. v. Sidwell Co., 809 F.2d 366, 376 n. 12 (7th Cir.1987) ("[A]n appellant's argument is to be made in its opening, not its reply, brief.")
 
 
 [3]
 More than two years after the court granted partial summary judgment on some of the claims against Garland, the Government moved to amend the amount of judgment in Garland's favor and to dismiss the remaining claims against him. In response, Garland moved to dismiss under Local Rule 21(A) for failure to prosecute for more than six months. On appeal, he claims that the court wrongfully denied this motion. However, the language of Local Rule 21(A) is discretionary. The district court did not abuse its discretion by denying Garland's motion and by granting the Government's motion