83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alton D. BEHLKE, Petitioner-Appellant,
v.
Eurial K. JORDAN, Administrator, Wisconsin Division of
Probation and Parole, Respondent-Appellee.
 No. 95-2742.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 25, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Alton Behlke filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that a condition of his parole violates his First Amendment rights. The district court denied the petition, and Behlke appeals. We affirm.
 
 
 2
 Behlke, a longtime member of the Diablo Lobos motorcycle club who runs a motorcycle sales and service business, contests Special Condition 15C, which states:
 
 
 3
 You shall not have any contact with the Diablo Lobos Motorcycle Club, including but not limited to attending club meetings, social relationships with club members, telephone or mail contact with members, etc.
 
 
 4
 He contends that this provision violates his First Amendment rights to association and employment and is vague and overbroad. We review de novo the legal questions presented by this petition, but presume that the state court's factual findings are correct. Rodriguez v. Peters, 63 F.3d 546, 554 (7th Cir.1995); 28 U.S.C. § 2254(d).
 
 
 5
 Behlke contends that Special Condition 15C violates his right to freely associate with those of his choosing. A parolee or probationer's First Amendment right of association, however, may be restricted to further the goals of parole or probation, as long as the restriction is reasonably related to achieving those goals. United States v. Showalter, 933 F.2d 573, 575 (7th Cir.1991); Morales v. Schmidt, 489 F.2d 1335, 1343 (7th Cir.1973); see also Morrissey v. Brewer, 408 U.S. 471, 482 (1972). In Wisconsin, the goals of parole include "to help the client be successfully reassimilated into the community, help the client adjust to and cope with community living, reduce crime, and protect the public." Felce v. Fiedler, 974 F.2d 1484, 1495 (7th Cir.1992); Wis.Admin.Code § DOC 328.04(1). After reviewing the record, we hold that Special Condition 15C bears a reasonable relation to these goals. As the state court found, Behlke's presentence reports document multiple instances where the Diablo Lobos have apparently contributed to Behlke's criminal conduct. A restriction separating Behlke from the Diablo Lobos serves both Wisconsin's interest in reducing crime and Behlke's interest in rehabilitating himself and remaining free from further criminal activity. See Showalter, 933 F.2d at 575; United States v. Turner, 44 F.3d 900, 903 (10th Cir.), cert. denied, 115 S.Ct. 2250 (1995); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Schiff, 876 F.2d 272, 276-77 (2d Cir.1989). The infringement on Behlke's right of association is reasonably related to his parole and is therefore justified.
 
 
 6
 Behlke also argues that this condition violates his "right to freedom of public employment" because his business concerns motorcycles and thus he cannot be expected to avoid all contact with members of a motorcycle club. To the contrary, the economic activities of a parolee or probationer may be restricted as part of a term of parole or probation. United States v. Johnson-Wilder, 29 F.3d 1100, 1106 (7th Cir.1994); United States v. Alexander, 743 F.2d 472, 480-81 (7th Cir.1984); cf. United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1988) (defendant forbidden to sell story to media). Because this condition is reasonably related to the goals of parole, its effect on Behlke's business is also justified.
 
 
 7
 Behlke's final claim is that Special Condition 15C is unconstitutionally vague and overbroad. He argues that the condition is vague because it fails to give him fair notice of the conduct it prohibits, neither defining "social relationships" nor including a list of persons that Behlke should avoid, and is overbroad because it includes constitutionally protected activity. We believe that this condition is sufficiently clear to put Behlke on notice and is sufficiently tailored to fit the purposes of his parole. In claiming that "social" is vague and does not include work on club members' motorcycles, he fails to recognize that the condition's clear language prohibits "any contact," making any explanation of "social" unnecessary. Further, given Behlke's history with the Diablo Lobos as reflected in the record, the condition is sufficiently definite without naming specific individuals. Showalter, 933 F.2d at 574-75. Although he argues that the condition is overbroad because it invades constitutionally protected rights and because the phrase "any contact" is so broad that it does not explicitly exclude "incidental contact," see Arciniega v. Freeman, 404 U.S. 4 (1971) (per curiam), we have already determined that Behlke's parole permissibly infringes upon his rights. Additionally, we note that in revising the condition the Department of Corrections removed the word "whatsoever" which had appeared after "any contact," indicating that "incidental contact" will not provide the basis for a parole violation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f)