**Dennis KLEIN, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

**Docket No. 02–7037.**

United States Court of Appeals, Second Circuit.

June 25, 2002.

Dennis Klein, Dingmans Ferry, PA, pro se.

Richard Schoolman, Office of the General Counsel, Brooklyn, NY, for Appellee.

Present WALKER, Chief Judge, MINER and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Dennis Klein appeals from judgment of the district court entered on November 19, 2001 granting summary judgment in favor of Klein's former employer, defendant-appellant New York City Transit Authority ("the NYCTA"). Plaintiff has also filed a motion for reversal of the district court judgment.

In 1981, the IRS instructed the NYCTA to withhold taxes from Klein's wages and notified Klein that taxes would be withheld. Klein filed suit in state court, which was later removed by the NYCTA to federal court, alleging that such withholding was unlawful. On appeal, Klein argues that (1) the attorney for the NYCTA, Caroline Laguerre–Brown, committed perjury by asserting that the NYCTA relied on the IRS's directions and that the IRS is part of the government of the United States; (2) Judge Sweet and Laguerre–Brown entered a conspiracy against Klein in violation of 18 U.S.C. §§ 241 and 242; and (3) the district court suppressed evidence submitted by Klein.

Reviewing the district court's grant of summary judgment *de novo, see Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999), we affirm. Klein has submitted no evidence of perjury by Laguerre–Brown, a conspiracy between Laguerre–Brown and Judge Sweet, or suppression of evidence by the district court. In addition, Klein may not assert a claim under §§ 241 and 242, as these provisions are criminal statutes that do not provide private causes of action. *See Robinson v. Overseas Mili-*

*tary Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994). Finally, Klein's arguments that the payment of taxes is voluntary or that the NYCTA was not authorized to withhold taxes from his wages are meritless. *See* 26 U.S.C. § 3402(a) (requiring employers to withhold taxes); *United States v. Schiff,* 876 F.2d 272, 275 (2d Cir.1989) (holding that "the payment of income taxes is not optional").

Klein's motion for reversal of the judgment is dismissed for the same reasons stated above.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**