**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert H. POLK, Defendant-Appellant.**

**No. 76–2680.**

United States Court of Appeals,
Sixth Circuit.

Argued April 18, 1977.

Decided May 26, 1977.

William C. Wilson, Cecil D. Branstetter, Nashville, Tenn., for defendant-appellant.

Charles H. Anderson, U. S. Atty., Martha Johnson Trammell, Nashville, Tenn., for plaintiff-appellee.

804

Before WEICK, EDWARDS and CELE-BREZZE, Circuit Judges.

### ORDER

On receipt and consideration of an appeal of appellant Polk's conviction for bankruptcy fraud, in violation of 18 U.S.C. §§ 152 and 2 (1970); and

Noting that the primary thrust of appellant's case is that the District Judge erred in his judgment of guilty entered in this nonjury trial because there was insufficient evidence to support the finding of fraud; and

Noting that appellant Polk, an attorney, and his office staff presented evidence which, if believed, would have been of an exonerating nature, but that his client's contrary version of the events was before the District Judge and was strongly supported by the documentary evidence filed in the Bankruptcy Court, both because of the content and the timing of the documents, and that these proofs, if believed by the Judge, clearly serve to allow for a finding of guilty beyond reasonable doubt,

█ Now, therefore, the judgment of conviction is affirmed, no other material issue pertaining to conviction being presented; and

Further noting that appellant also contends that the District Judge exceeded his legal authority and abused his discretion by imposing as a condition of suspending a two-year prison term and placing appellant on probation that appellant should surrender his license to practice law; and

Further being of the opinion that the District Judge's authority in the premises does not govern the State's licensing of its legal practitioners but is solely concerned with appellant's conduct during the term of the sentence involved,

█ Now, therefore, the terms of probation imposed by this sentence are vacated and the case is remanded to the District Court for such imposition of limitations, if any, as the court may wish to administer, limited to the extent of the probation term.