**UNITED STATES of America, Appellee,**

v.

**Gary STERBER, Defendant–Appellant.**

**No. 854, Docket 87–1494.**

United States Court of Appeals, Second Circuit.

Argued March 17, 1988.

Decided May 10, 1988.

Herbert L. Greenman, Buffalo, N.Y. (Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., of counsel), for defendant-appellant.

Joseph M. Guerra, III, Asst. U.S. Atty., Buffalo, N.Y. (Roger P. Williams, U.S. Atty. for the W.D.N.Y., Buffalo, N.Y., of counsel), for appellee.

[CORRECTED OPINION]

Before TIMBERS, PRATT and MINER, Circuit Judges.

MINER, Circuit Judge:

 Defendant-appellant Gary Sterber appeals from a judgment of conviction in the United States District Court for the Western District of New York (Elfvin, J.) for furnishing false and fraudulent information on DEA Form–222 in violation of 21 U.S.C. § 843(a)(4)(A) and (c). The court imposed a sentence of three years' probation and directed him to surrender his New York State pharmacy license as a special condition of probation. Because New York

Education Law § 6509 *et seq.* (McKinney 1985 & Supp.1988) sets forth well-defined procedures to determine whether revocation of Sterber's pharmacy license is an appropriate sanction and provides Sterber with a meaningful opportunity to contest the imposition of such a sanction, we hold that the special condition of probation was improper, and we remand for resentencing with respect to the imposition of special conditions.

## BACKGROUND

The facts in this case are not in dispute. Defendant-appellant Sterber has been licensed to practice pharmacy in the State of New York since October 1979. In April 1987, Sterber was employed as the Director of Pharmacy at the Sisters of Charity Hospital in Buffalo, New York. On September 21, 1987, Sterber waived indictment and pleaded guilty to a one-count information charging him with violating 21 U.S.C. § 843(a)(4)(A) and (c) by falsely recording on DEA Form–222 that on April 14, 1987 the Sisters of Charity Hospital received one 25–gram bottle of cocaine flakes. In fact, the hospital had received two bottles of cocaine flakes.

On November 2, 1987, the district court gave Sterber a suspended sentence, placed him on three years' probation and, as a special condition of probation, directed him to surrender his pharmacy license to New York State authorities. The court indicated, however, that Sterber could reapply for his license if state authorities permitted such applications. App. at 20–21. The court also directed the probation department to set guidelines and conditions as to Sterber's drug abuse treatment. On appeal, Sterber claims that the court abused its discretion in ordering him to surrender his pharmacy license as a special condition of probation.

## DISCUSSION

■ The Federal Probation Act, 18 U.S.C. § 3651 (1982), accords federal trial judges "broad discretion to decide which defendants merit probation and under what conditions they will serve their probation."

*United States v. Tolla,* 781 F.2d 29, 32 (2d Cir.1986). The trial court may place a defendant on probation "for such period and upon such terms and conditions as the court deems best," 18 U.S.C. § 3651. Its discretion is limited only by the provisions of the Act and the requirement that conditions "be reasonably related to the simultaneous goals of rehabilitating the defendant and protecting the public," *Tolla,* 781 F.2d at 32–33. However, no condition of probation may be presumed valid; a condition is not reasonable if it is unnecessarily harsh or excessive in achieving the goals of rehabilitation and protection of the public. *Id.* at 34. In *United States v. Pastore,* 537 F.2d 675, 681–82 (2d Cir.1976), we held that unusual and severe conditions, such as one requiring the defendant to give up "a lawful livelihood," should be accorded "careful scrutiny." "[B]efore any defendant is required to give up his job, or trade or profession, he should be given a meaningful opportunity to demonstrate why such a condition might be inappropriate. If there is already in existence a well-defined procedure for resolution of that issue, it makes sense to utilize it." *Id.* at 682.

The Government concedes that New York provides well-defined administrative procedures to resolve allegations of professional misconduct against pharmacists licensed by New York State, *see* N.Y. Educ. Law § 6509 *et seq.* (McKinney 1985 & Supp.1988). Section 6510(1)(b) requires that an investigation be conducted to determine whether there is substantial evidence of professional misconduct. If the New York State Education Department, after consultation with a member of the applicable state board for the profession, determines that substantial evidence exists, N.Y. Educ. Law § 6510(1)(b), the Education Department must prepare charges which "state concisely the material facts but not the evidence by which the charges are to be proved," *id.* § 6510(1)(c). The licensee is then provided with at least fifteen days' notice of a hearing, *id.* § 6510(1)(d), and is notified of his right to file a written answer, *id.* § 6510(2)(d), (3)(a). At the hearing, the licensee may appear personally, may be

represented by counsel, and has the right to produce witnesses and evidence in his behalf, to cross-examine witnesses and examine evidence produced against him and to issue subpoenas. *Id.* § 6510(3)(a), (c). A determination of guilt must be based on a preponderance of the evidence, and at least four of the voting members of the hearing panel, which is comprised of at least five persons, must vote for such a determination. *Id.* § 6510(3)(c), (d). Thereafter, the licensee is entitled to review by a regents review committee appointed by the board of regents, *id.* § 6510(4)(a), and, if unsuccessful, has the right to judicial review under Article 78 of the New York Civil Practice Law and Rules, *id.* § 6510(5).

Despite the existence of these well-defined statutory procedures, the Government argues that the special condition imposed by the court was reasonable because 1) Sterber's conviction, unlike the defendant's in *Pastore*, related directly to his employment; and 2) the court acknowledged that Sterber could reapply for his license if the State permitted such applications. Before addressing the special condition at issue, we note that the district court, in the proper exercise of its discretion, could have rejected probation altogether: Had the court simply sentenced him to three years' imprisonment, Sterber would have no meaningful claim that he was improperly denied the right to practice pharmacy for that period. *See Pastore*, 537 F.2d at 681. Alternatively, had the court prohibited Sterber from practicing pharmacy during the probationary period, we doubt that such a condition would constitute an abuse of the court's authority. *See Tolla*, 781 F.2d at 35–36 (approving condition prohibiting defendant from teaching young people for one year); *United States v. Polk*, 556 F.2d 803, 804 (6th Cir.) (vacating condition that defendant surrender license to practice law; remanded for imposition of conditions, if any, limited to extent of probation term), *cert. denied*, 434 U.S. 862, 98 S.Ct. 191, 54 L.Ed.2d 136 (1977).

We agree that revocation of Sterber's license may be an appropriate sanction, because Sterber appears to have abused his pharmacy license. However, we believe that this particular special condition implicates important notions of federalism. We question whether a federal district judge, "unguided by Congress except in the most general terms," can require a defendant to give up a state-granted professional license, particularly where the state provides a comprehensive regulatory system to handle the professional misconduct of those it licenses. *Pastore*, 537 F.2d at 682. Moreover, we note that revocation is but one of the sanctions that the State may impose pursuant to New York Education Law § 6511. The State should have the opportunity to exercise its discretion.

Finally, the condition of surrendering a professional license is a severe one, for Sterber may be barred from practicing pharmacy for life as a result of the district court's order. As we stated in *Pastore*, "If there is already in existence a well-defined procedure [for determining whether a professional license should be revoked], it makes sense to utilize it." 537 F.2d at 682. Given the availability of well-defined procedures which would have afforded Sterber a meaningful opportunity to contest revocation of his license, we hold that the court's special condition of probation was improper. Therefore, we vacate the special condition and remand for imposition of any other conditions that the district court may deem proper.

## CONCLUSION

Based on the foregoing, we remand for resentencing with respect to the imposition of special conditions.