UNITED STATES of America,
Plaintiff–Appellee,

v.

JUVENILE #1 (LWQ), Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

JUVENILE #2 (WJD), Defendant–
Appellant.

Nos. 93–30415, 93–30416.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted September 16, 1994.

Decided Oct. 20, 1994.

Ellen C. Pitcher, Asst. Federal Public Defender, Portland, OR, for defendant-appellant, Juvenile # 1.

Marc Sussman, Cournoyer & Sussman, Portland, OR, for defendant-appellant, Juvenile # 2.

Michael W. Mosman, Asst. U.S. Atty. and Matt J. Howard, Law Clerk, Portland, OR, for plaintiff-appellee.

Before: THOMPSON and LEAVY, Circuit Judges, and TASHIMA, District Judge.*

DAVID R. THOMPSON, Circuit Judge:

Juveniles # 1 and # 2 pleaded guilty to simple assault. The district court sentenced them to probation. One of the conditions of probation is that the juveniles not possess a firearm until they are 21 years old.

The juveniles are members of the Confederated Tribes of the Umatilla Indian Reservation. They contend it is a religious tenet of their tribe that participation by young men in tribal hunts, and killing game during a hunt, is a rite of passage from boyhood to manhood. On these hunts, game is taken by the use of firearms.

Relying on *Higdon v. United States*, 627 F.2d 893, 898 (9th Cir.1980), the juveniles argue the condition of probation prohibiting them from possessing firearms is impermissible because it is a form of punishment and is not reasonably related to their rehabilitation

---

* Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

or to the public's protection. They also argue the condition unnecessarily restricts the free exercise of their religion.

*Higdon* was decided under the Federal Probation Act of 1925. The juveniles in this case were sentenced under the Sentencing Reform Act of 1984 (the 1984 Act), which repealed the 1925 Act. *See United States v. Corpuz*, 953 F.2d 526, 528–29 (9th Cir.1992) (describing the changes brought about by the Sentencing Reform Act) *overruled on other grounds by United States v. Granderson, —— U.S. ——*, 114 S.Ct. 1259, 1262 n. 1, 127 L.Ed.2d 611 (1994).

■ We conclude that the 1984 Act permits a sentencing court to consider punishment in shaping conditions of probation, and the condition imposed by the district court is reasonably related to the 1984 Act's sentencing factors, *see* 18 U.S.C. § 3553(a)(2). We reject the juveniles' free exercise argument and affirm the district court's probation order.

## FACTS

In 1992, juveniles #1 and #2 broke into the house of an elderly woman on the Umatilla Indian Reservation. They had been drinking heavily and entered the house to find money to buy more liquor. The noise of the break-in awakened the woman. She confronted the juveniles. They knocked her to the floor, piled material on her stove, set it on fire, and ran away, leaving her on the floor. Unable to move about without the help of a walker, she lay on the floor until rescued by neighbors.

The two juveniles entered pleas of guilty to misdemeanor assault under 18 U.S.C. § 113(d). Their appeal is timely and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

## STANDARD OF REVIEW

We review for abuse of discretion a sentence within the statutory limits. *United States v. Parrott*, 992 F.2d 914, 920 (9th Cir.1993). "Exercise of this discretion is reviewed carefully where probation conditions restrict fundamental rights." *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir.1988).

## DISCUSSION

■ Under the 1984 Act, sentencing courts may impose "reasonably necessary" conditions of probation to the extent they are "reasonably related" to the statutory factors to be considered in sentencing. 18 U.S.C. § 3563(b). The statutory factors are set forth at 18 U.S.C. § 3553(a)(2).

The first factor is that a sentence may be imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Although the juveniles pleaded guilty to simple assault, their conduct was reprehensible. They knocked an elderly woman to the floor, set her house afire, and left her to burn to death. Depriving these young men of the right to possess firearms until they are 21 is not so burdensome as to exceed "just punishment" for what they did.

The second factor is "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Because hunting with a firearm is an important ritual to Indian youth, the district court's condition serves both specific and general criminal deterrence.

The third statutory factor is protection of the public. 18 U.S.C. § 3553(a)(2)(C). The juveniles argue the probation condition which precludes them from possessing firearms bears no relationship to protection of the public. They rely on *United States v. Voda*, 994 F.2d 149 (5th Cir.1993). We reject this argument. *Voda* is inapposite. There, the defendant was convicted of a nonviolent misdemeanor and no one was directly endangered by his conduct. *Id.* at 153. Here, the juveniles assaulted an elderly woman, set her house on fire and left her to die.

According to the presentence report, both juveniles began consuming alcoholic beverages at an early age, and both have been plagued by alcohol abuse. They were drunk when they assaulted their victim. Although they did not use a gun, given their history of alcohol abuse and the seriousness of their offense, it was not unreasonable for the dis-

trict court to impose a condition of probation which keeps firearms out of their hands until they are 21 years of age. The condition is reasonably related to protection of the public.

 The juveniles also argue that even if the district court could impose a general condition of probation prohibiting their possession of firearms, the court should have carved out an exception to permit them to use hunting rifles, under the supervision of a responsible adult tribal member, when participating in ceremonial tribal hunts. They argue such an exception is necessary to enable them to exercise their religion.

Without deciding whether a tribal hunt is a religious exercise protected by the First Amendment, we reject the juveniles' argument. Deciding how to shape conditions of probation is essentially a task for the district court. "Absent compelling reason for appellate interference, the task of line-drawing in probation matters is best left to the discretion of the sentencing judge." *United States v. Lowe,* 654 F.2d 562, 568 (9th Cir.1981).

Here, the district court considered the juveniles' request to except tribal hunts from its firearm prohibition order. It chose not to create such an exception. We cannot say the district court abused its discretion in making this choice. The juveniles may still participate in tribal hunts. They may even take part in killing game, by using a bow and arrow or any other weapon which is not a firearm.

Even if an Indian boy's participation in a tribal hunt is a religious rite of passage, the district court's firearm prohibition order, impinging that rite to the extent it does, is a valid condition of probation because it serves the broad purposes of the 1984 Act. *See United States v. Consuelo–Gonzalez,* 521 F.2d 259, 265 (9th Cir.1975) (en banc) (decided under the 1925 Act); *Lowe,* 654 F.2d at 567 (condition of probation restricting distribution of literature to the public near Naval Base valid where the "condition reasonably [met] the goal of keeping the peace and deterring further criminal activity"); *cf. Terrigno,* 838 F.2d at 374 (emphasizing importance of "rehabilitation" as a consideration in shaping conditions of probation, a concept relied upon in *Higdon,* 627 F.2d at 897, in applying the 1925 Act).

We are satisfied the district court's firearm prohibition order reasonably serves the statutory goals of punishment, deterrence and public protection under the 1984 Act. *See* 18 U.S.C. § 3553(a)(2). The district court did not abuse its discretion in imposing this condition of probation.

AFFIRMED.