51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
CHARLES P., Defendant-Appellant.
 No. 94-50561.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles P. appeals his sentence imposed following his juvenile adjudication pursuant to 18 U.S.C. Secs. 5032 and 5037(b)(1)(A). Charles admitted delinquency based on his possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and assault on a federal officer, in violation of 18 U.S.C. Secs. 1111 and 1114. At sentencing, Charles sought release on straight probation. The district court sentenced him to the custody of the Attorney General until his twenty-first birthday. (Charles was born on March 30, 1977.) Charles asked the district court to recommend to the Bureau of Prisons that he be placed in a facility other than the California Youth Authority. The district court declined. Charles contends that the district court erred in failing to continue his sentencing hearing and in declining to recommend against placement at the California Youth Authority.
 
 
 3
 We review a refusal to grant a continuance for abuse of discretion. United States v. Studley, 783 F.2d 934, 938-939 (1986). Charles desired a continuance to allow more time either to identify a facility that would accept Charles regardless of his injured arm or to allow his arm to heal so that he would be eligible to participate in a boot-camp-type environment rather than placement at the California Youth Authority. Charles' arm was injured when he was shot by customs inspectors during his attempt to avoid capture. The district court had already allowed two continuances, one at the request of defense counsel, another based on the stipulation of the parties. The parties dispute whether Charles did, in fact, request this third continuance on the record. Even if he did, we cannot say that the district court would have abused its discretion in denying a continuance in these circumstances.
 
 
 4
 Nor can we say that the district court abused its discretion in declining to make a recommendation against placement at the California Youth Authority. See United States v. Juvenile # 1 (LWQ), 38 F.3d 470, 472 (9th Cir.1994) (the imposition of sentence upon a juvenile within statutory limits is reviewed for abuse of discretion). The sentencing court is under no obligation to make a recommendation regarding the specific placement of individuals sentenced to the custody of the Attorney General. It is the Bureau of Prisons, not the district court, that selects the facility for placement. 18 U.S.C. Sec. 3621. Moreover, the offenses for which Charles was adjudicated delinquent include a five-year minimum mandatory drug offense and assault on federal officers. As Charles fled authorities, he put the lives of others at risk, eliciting gunshots from three different customs inspectors and striking three vehicles. His offense, moreover, occurred while he was on probation. In these circumstances, we cannot say that the district court abused its discretion in failing to recommend against placement with the California Youth Authority.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3