132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin JENSEN, Defendant-Appellant.
 No. 97-30100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marvin Jensen, a federal probationer, appeals the district court's denial of his motion to modify a condition of probation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision regarding the imposition of a probation condition, see United States v. Juvenile # 1 (LWO), 38 F.3d 470, 472 (9th Cir.1994), and we affirm.
 
 
 3
 Jensen contends that the district court abused its discretion by refusing to modify Jensen's probation conditions to allow him to possess a firearm. This contention lacks merit.
 
 
 4
 In addition to the mandatory conditions of probation required by 18 U.S.C. § 3563(a), a sentencing court has discretionary authority to impose certain additional conditions of probation "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)" and "reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b) (1995); see 18 U.S.C. § 3563(b)(8) (discretionary condition that defendant "refrain from possessing a firearm"). The first factor of section 3553(a)(2) is that a sentence should be imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Juvenile # 1(LWO), 38 F.3d at 472 (quoting 18 U.S.C. § 3553(a)(2)(A)). "The second factor is 'to afford adequate deterrence to criminal conduct.' " Id. (quoting section 3553(a)(2)(B)).
 
 
 5
 The decision to impose a discretionary condition "is essentially a task for the district court. Absent compelling reason for appellate interference, the task of line-drawing in probation matters is best left to the discretion of the sentencing judge." Id. at 473 (internal quotations omitted); see United States v. Chinske, 978 F.2d 557, 559-60 (9th Cir.1992).
 
 
 6
 In the instant case, we cannot say that the district court abused its discretion. Although Jensen has no history of offenses involving firearms or violent conduct, and no criminal history whatsoever beyond his felony conviction for tax fraud, the prohibition on his possessing firearms nonetheless reasonably serves the sentencing goals of punishment and deterrence. See Juvenile # 1(LWO), 38 F.3d at 472-73; Chinske, 978 F.2d at 560. Moreover, where the defendant was convicted of a felony, the Sentencing Guidelines specifically recommend a probation condition prohibiting firearm possession. See U.S.S.G. 5B1.4(b)(14).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Jensen's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Jensen's motion to strike portions of the government's opposition brief is denied