**UNITED STATES of America**

v.

**Christian E. MARTINEZ, Defendant.**

**No. CR. 97–313–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 7, 1998.

B.R. Hicks, Springfield, Va, for plaintiff.

Helen F. Fahey, U.S. Attorney, Charles C. Maddox, Special Asst. U.S. Atty., Alexandria, Va, for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

Following defendant's plea of guilty to the charge of improper parking on the George Washington Memorial Parkway (the "Parkway"), the Magistrate Judge ordered defendant to pay a $300 fine and sentenced him to a one-year period of supervised probation with certain specific conditions, including a six-month restriction on defendant's driving. Defendant now appeals the sentence, contending that the driving restriction is neither reasonably related to the convicted offense, nor within the Magistrate Judge's authority. For the reasons that follow, the appeal fails and the sentence is affirmed.

## I

On February 22, 1997, at approximately four o'clock in the afternoon, defendant was arrested by a United States Park Police officer on the Parkway in Virginia. The officer cited defendant for violations of 36 C.F.R. § 4.2 (incorporating by reference Va.Code § 46.2–1239) (improper parking), 36 C.F.R. § 4.23(a)(1) (driving under the influence), and 36 C.F.R. § 4.23(a)(2) (driving while intoxicated). On July 24, 1997, defendant pled guilty to the charge of improper parking.[1] At sentencing, defendant admitted that he had parked his car improperly on the Parkway, and that, at the time the Park Police officer approached the illegally parked car, defendant was emerging from the woods on the side of the road, where he had just urinated on himself. Defendant further admitted that he failed several field sobriety tests administered by the officer, and that two breath tests administered after defendant was transported to District 1 offices for processing also confirmed that he was intoxicated.[2] Based on these facts, the Magistrate Judge ordered defendant to pay a fine of $300 and to serve a one-year period of supervised probation. As special conditions of probation, the Magistrate Judge required that defendant (i) enter and complete an alcohol education program, and (ii) not operate a motor vehicle for six months except to travel to and from work, and in other limited

circumstances.[3] Defendant appealed his sentence, contending that it was not authorized by law. Initially, this Court remanded the matter to the Magistrate Judge for an elucidation of the statutory bases for the sentence and conditions of probation imposed. In response, the Magistrate Judge issued a Report detailing those bases .[4] Accordingly, the appeal is now ripe for disposition.

## II

Defendant challenges his sentence on a number of legal grounds, all but one of which are plainly meritless and warrant little discussion. The Magistrate Judge's authority to impose the instant sentence is reviewed *de novo*.[5] Assuming such authority, the conditions of probation imposed are reviewed under the deferential abuse of discretion standard.[6]

Defendant's first contention is based on the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, which instructs federal courts to refer to state statutes for crimes committed on federal property when there is no "enactment of Congress" addressing the crime at issue. Defendant contends that because he was convicted of violating 36 C.F.R. § 4.2, which incorporates Va.Code § 46.2–1239, the ACA requires that he be sentenced under Va.Code § 46.2–113, which limits punishment

---

1. Defendant pled guilty to the improper parking charge in exchange for the government's promise to dismiss the driving under the influence and driving while intoxicated charges. Although it is not clear from the record why defendant was not prosecuted for these offenses given the circumstances, it appears that the prosecutor's decision to agree to a plea solely to the parking charge may have been based on the fact that the Park Police officer did not actually observe defendant driving while intoxicated.

2. The tests yielded readings of .230 and .222 grams of alcohol per 210 liters of breath.

3. Specifically, the sentence permits defendant, for the entire probationary period, to drive during the course of his·employment as required by his job, and to drive to and from the court, the probation office, and the alcohol education program.

4. The Report is captioned "Report Pursuant to Rule 58 of the Federal Rules of Criminal Procedure."

5. *See* Fed.R.Crim.P. 58(g)(2)(D) (appeal from sentence by magistrate judge is subject to same rules as appeal from sentence by district judge); *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir.1995) (district court's application of relevant sentencing guideline is reviewed *de novo* ); *United States v. Thompson*, Nos. 91–5052, 91–5053, 91–5054, 1992 WL 182812, at *1 (4th Cir. Aug.3, 1992) (appellate court reviews *de novo* whether district court imposed sentence in violation of law).

6. *See United States v. Juvenile # 1 (LWQ)*, 38 F.3d 470, 473 (9th Cir.1994) ("Deciding how to shape conditions of probation is essentially a task for the district court"; reviewing such conditions under abuse of discretion standard); *United States v. Jalilian*, 896 F.2d 447, 448 (10th Cir. 1990) (legality of sentence reviewed *de novo;* probation determinations reviewed for abuse of discretion); *cf. United States v. Kosth*, 943 F.2d 798, 800 (7th Cir.1991) (reviewing conditions of supervised release for abuse of discretion).

for parking offenses to a $200 fine. Defendant's contention is meritless. Defendant was convicted of violating a *federal* regulation, namely 36 C.F.R. § 4.2. Accordingly, the ACA is inapplicable to this case. *See United States v. Fox,* 60 F.3d 181, 185 (4th Cir.1995) (holding that 36 C.F.R. § 4.2 was promulgated by the Secretary of the Interior pursuant to congressional authorization and thus precludes invocation of the ACA). Defendant's suggestion that 36 C.F.R. § 4.2 is not an "enactment of Congress" that precludes reliance on the ACA is contrary to well-settled case law. *See, e.g., Chrysler Corp. v. Brown,* 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60 L.Ed.2d 208 (1979) (stating that duly promulgated agency regulations have the force and effect of law); *Fox,* 60 F.3d at 185 (holding that 36 C.F.R. § 4.2 qualifies, for purposes of the ACA, as an enactment of Congress).

Defendant's next argument, in which he asserts that the possibility of a six-month sentence for the crime of improper parking constitutes a violation of due process, is untenable. Indeed, defendant explicitly conceded this line of attack at oral argument.[7]

### III

Defendant's final argument, and the only one that merits extended discussion, is that a federal magistrate judge does not have the authority to revoke or suspend a state-issued driver's license. In support, defendant cites *United States v. Knott,* 722 F.Supp. 1365 (E.D.Va.1989) (*Knott I*), which reversed a magistrate judge's sentence revoking the defendant's right to drive in Virginia for six months. In this regard, defendant here equates the driving restriction imposed on him with the revocation of the license found impermissible in *Knott I.* This equation is wrong and defendant's argument fails. *Knott I* dealt specifically with the *revocation* of a driver's license, not the mere restriction on certain driving activities. There is an important distinction between revocation of a

state-issued license and a tailored limitation of an activity, which may or may not be licensed by the state. While Congress has not empowered federal magistrates to terminate or revoke a state-issued driver's license, it has granted federal judicial officers the authority, via 18 U.S.C. §§ 3553 and 3563, to impose probation conditions that restrict a defendant's activities, including driving, provided, *inter alia,* the restriction is reasonably related to the offense committed. Thus, while it is certainly true that principles of federalism sharply delimit the authority of the federal sovereign to interfere with a state's police power, *see United States v. Snyder,* 852 F.2d 471, 475 (9th Cir.1988) (reversing federal sentence that suspended state-issued driver's license), it is equally true that federal judges retain the authority to impose restrictions on a defendant's conduct as part of a condition of probation, even if the defendant's right to engage in that conduct has as its source state law, *see, e.g.,* 18 U.S.C. § 3563(b)(5) (permitting federal judges to preclude a defendant from engaging in a specified business or profession); *United States v. Sterber,* 846 F.2d 842, 844 (2d Cir .1988) (noting that a condition prohibiting a state-licensed pharmacist from practicing pharmacy during the probationary period would likely be a proper exercise of a federal judge's power).

A condition of federal probation that restricts a state-granted or state-established right is permissible as long as the condition is reasonable, is not imposed for a term greater than the duration of the probationary period, and does not require a state official to enforce a federal judicial order. *See United States v. Tonry,* 605 F.2d 144, 150 (5th Cir. 1979) (upholding condition preventing defendant Tom running for state political office for 3 years); *cf. United States v. Stenzel,* 1993 WL 276116, at *2 (N.D.Ill. Jul.21, 1993) ("[F]ederal case law supports the imposition of work restrictions limited to the term of probation notwithstanding the existence of

---

7. *See* Transcript of Hearing, Sept. 5, 1997, at 19. Worth noting in this regard is that prior to the entry of the plea, the Magistrate Judge informed defendant that his pleading guilty could lead to a maximum penalty of six months' imprisonment, a $5,000 fine, and a $10 special assessment.

Thus, the severity of, the sentence should have come as no surprise to defendant. Moreover, this Court on appeal offered defendant the option of withdrawing his guilty plea and going to trial on all the charged offenses, but he declined to do so. *See id.* at 12.

state regulatory mechanisms."). Thus, those cases holding that a federal court does not have the authority to suspend or revoke a defendant's driver's license or license to practice a certain profession [8] do not control disposition of the instant appeal. Similarly, the suggestion in *United States v. Knott,* 726 F.Supp. 1042, 1044 n. 6 (E.D.Va.1989) (*Knott II* ) that a federal court should, in the interests of federalism, refrain Tom revoking a defendant's operating privileges beyond the federal enclave is also inapposite. That observation was made with respect to the *revocation* of a license, which is a total and permanent restriction that necessarily requires action by, and thus encroaches on the exclusive power of, the state. Here, by contrast, the *condition of probation is of limited scope and temporary*—defendant is permitted to drive to and from work, and he may resume unlimited driving after six months. Thus, the condition of probation imposed by the Magistrate Judge limiting defendant's right to operate a motor vehicle satisfies the criteria announced in *Tonry:* it is reasonably related to the circumstances of the offense,[9] its duration is only half as long as the one-year probationary period, and it does not require any state official to suspend or revoke defendant's operator's license.

▆▆ Given that the Magistrate Judge had the authority to impose the disputed driving restriction, it remains to be determined whether that restriction, on the facts of this case, was reasonably related to the convicted offense. A condition of probation (i) must be reasonable in light of the circumstances of the offense and the character of the defendant, (ii) must further the overall goals of federal sentencing, and (iii) must involve only those deprivations of liberty or property that are reasonably necessary for purposes of the sentence. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2), 3563(b). Here,

there is no doubt that restricting defendant's ability to drive is reasonably related to the offense committed. Defendant admitted that he parked his car improperly, that he emerged from the roadside woods having just urinated on himself, that he failed several field sobriety tests, and that two breath tests indicated that his breath-alcohol level was well in excess of the legal limit. In short, although defendant pled guilty only to a parking offense, he effectively admitted that the parking violation itself was a product of his driving under the influence of alcohol. Given this causal connection between defendant's intoxication and the convicted offense, there is no doubt that the driving restriction is reasonably related to "the nature and circumstances of the offense and the . . . characteristics of the . defendant." 18 U.S.C. § 3553(a)(2).

Finally, the restriction is properly tailored as it limits defendant's driving only to the extent necessary to serve the purposes of the sentence, namely to deter defendant from engaging in similar conduct in the future, and to protect the public from the dangers posed by drunk drivers. It is not a blanket restriction; defendant is allowed to drive to and from work, court, and his alcohol education program. In so tailoring the restriction the Magistrate Judge recognized that there are times when driving is important to defendant's livelihood and these are times when he is not likely to have been drinking.[10]

In sum, not only did the Magistrate Judge not abuse her discretion in imposing the conditions of probation, those conditions were especially appropriate given the circumstances of the offense.

## IV

Because the Magistrate Judge had the authority to impose the conditions of probation

---

**8.** *See, e.g., United States v. Best,* 573 F.2d 1095 (9th Cir.1978) (reversing sentence that suspended defendant's driver's license); *United States v. Pastore,* 537 F.2d 675 (2d Cir.1976) (holding that before a defendant can be required to resign from the bar, he must be afforded benefit of state's established procedures for revoking a license to practice law); *Sterber,* 846 F.2d at 844 (same; revocation of pharmacist's license).

**9.** For a discussion of reasonableness, see the analysis below with respect to 18 U.S.C. §§ 3553(a) and 3563(b).

**10.** To the extent defendant persists in his objection to the condition that he attend an alcohol education program, that objection fails for the same reasons: this condition, in the circumstances, fits well within the criteria set forth in 18 U.S.C. §§ 3553 and 3563.

that were part of defendant's sentence, and because those conditions are reasonably related to the circumstances of the offense, defendant's appeal will be denied, and the conviction and sentence will be affirmed.

An appropriate Order will issue.