UNITED STATES of America,
Plaintiff—Appellee,

v.

Andrea RIGHTSELL, Defendant—
Appellant.

No. 01–30239.
D.C. No. CR–00–00126–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2002.*

Decided March 27, 2002.

Before SKOPIL, BOOCHEVER, and
LEAVY, Circuit Judges.

* This panel unanimously finds this case suit-
able for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Andrea Rightsell pleaded guilty to blocking a Forest Service road in violation of 36 C.F.R. § 261.12(d) and was sentenced to serve two months in prison followed by two years probation. On appeal, she challenges her sentence as disparate. She also contends that she had a constitutional right to review the probation officer's confidential sentencing recommendation and that the court erred by imposing a "no weapons" condition of probation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. ·

## DISCUSSION

*1. Disparate Sentence*

 Rightsell complains that her sentence exceeded those imposed on others who engaged in similar protest activities. The imposition of a disparate sentence is not an abuse of discretion, however, unless there is evidence that the defendant is being punished for an impermissible reason. *See United States v. Bischel,* 61 F.3d 1429, 1437 (9th Cir.1995). Here, the district court adequately justified its disparate sentence, noting the dangers that Rightsell created to herself and to others and her refusal to comply with conditions of probation. *See United States v. Mack,* 200 F.3d 653, 658 (9th Cir.2000). We do not agree with Rightsell's contention that she should have been permitted to review the presentence reports of other defendants convicted of violating § 261.12(d). *See United States v. Schlette,* 842 F.2d 1574, 1581 (9th Cir.1988) (holding that presentence reports are confidential and· should be disclosed only to serve the ends of justice). ○

** This disposition is not appropriate for publication and may not be cited to or by the

*2. Sentencing Recommendation*

 Rightsell contends that the district court violated her due process rights by relying on a recommendation from the probation officer that was not part of the presentence report and was not otherwise disclosed to her prior to sentencing. We reject the contention. A court may "direct that the probation officer not disclose the ... recommendation, if any, on the sentence." *See* Fed.R.Crim.P. 32(b)(6)(A). Such ex parte communication between the court and the probation officer does not violate a defendant's due process rights. *See United States v. Gonzales,* 765 F.2d 1393, 1398–99 (9th Cir.1985).

*3. Condition of Probation*

 Rightsell argues that the district court erred by imposing a "no weapons" condition of probation. We disagree. Rightsell endangered herself and others. Given the seriousness of her conduct, we cannot conclude that the district court abused its discretion by imposing the condition of probation. *See United States v. Juvenile No. 1(LWQ),* 38 F.3d 470, 472–73 (9th Cir.1994).

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.